STARKE *vs.* THE STATE OF GEORGIA.

</div>

81   593
103   208

1. The evidence fully authorizes the verdict.
2. There was no error in admitting evidence of a previous difficulty between accused and deceased.  It went to illustrate the state of feeling between them, and to show that, on an occasion different in time from the killing, accused had drawn his gun on deceased.  The evidence was admissible, though the witness testifying to it also deposed that accused and deceased were perfectly friendly after this difficulty.  What weight should be given the evidence was for the jury.
3. The charge: "If defendant shot his brother and he died from the wound, and at the time he killed him there had been before bad feeling on the part of this boy towards his brother, as manifested by anything he did, or anything that he said (I mean the defendant), then that would be evidence of express malice," is not open to the objection that it was not warranted by the evidence in the case,

.and no complaint is made upon the ground that by it certain things mentioned therein were stated by the court to be evidence .of express malice.

·October 17, 1888.

Criminal law. Murder. Evidence. Verdict. New trial. 'Charge of court. Before Judge RICHARD H. CLARK. Fulton superior court. March term, 1888.

A brief statement of the principal facts shown by the evidence is added, in connection with the report contained in the decision.

About fifteen minutes before the killing, defendant came to the house where he and deceased lived, took a gun and went out. Deceased was not there then, but came in after defendant left, sat down and talked a few minutes with Crowley. Soon these two started out to go to Reynoldstown. As they left the house, defendant appeared standing in the yard with the gun in his arms. He told Crowley to move. Deceased asked him what he intended to do with that gun, and said that made three or four times "you have had that gun at me, and I tell you, you had better go and leave me alone." Said defendant, "There is no use saying a word now. Farewell, mamma." He then immediately fired, killing his brother and wounding Crowley, and dropped the gun and ran. He had bought powder and .squirrel-shot at a store and loaded the gun (putting in :a heavy charge) a few minutes before the killing. He returned to the house alone on the following afternoon ·and gave himself up. He claimed that the gun was :accidently discharged. Between three and six months before, one Reynolds interposed and stopped a difficulty between defendant and deceased. The latter threw one or two rocks at the former, who went and got his gun, which was taken from him by Reynolds. The brothers

were afterwards seen together, apparently friendly. They did not often have fusses, but would occasionally quarrel like children. Often when defendant came home in the evening, he would get his gun and go out to shoot at birds and trees.

R. J. JORDAN, for plaintiff in error.

C. D. HILL, solicitor-general, for the State.

SIMMONS, Justice.

Starke was indicted for the murder of his brother. He was found guilty, with a recommendation that he be imprisoned in the penitentiary for life. He made a motion for a new trial, which was overruled by the court, and he excepted.

The 1st and 2d grounds of the motion for a new trial are, that the verdict was contrary to law and to the evidence. The 3d ground alleges error in admitting the evidence of Reynolds as to a previous difficulty between the defendant and the deceased, the same being in no way connected with the killing. The 4th ground alleges error in charging the jury, after defining express malice, the following: " Now applying that law to the evidence in this case, if you believe that this defendant shot his brother, that he died from the wound, and that at the time he killed him, there had been before bad feeling on the part of this boy towards his brother, as manifested by anything he did or anything that he said (I mean the defendant), then that would be evidence of express malice."

1. We have carefully considered the evidence in this case, as it appears in the record, and it makes a strong case of murder. It fully authorizes the verdict.

2. There seems to be some conflict in the authorities

upon the admissibility of previous difficulties ; some of them holding that a previous difficulty should not be allowed to go to the jury, unless there was a continuance of bad feeling shown from the first difficulty up to the last one ; others holding that evidence of previous difficulties is always admissible to show the state of feeling between the parties. We think there was no error in admitting the testimony of Reynolds in this case as to the previous difficulty between these brothers. It went to illustrate the state of feeling between them, and to show that on a different occasion, the accused had drawn his gun upon the deceased. It is true that Reynolds testified that they were perfectly friendly after the first difficulty. If that was so, the jury should have paid little or no attention to the previous difficulty. Still, it was admissible to go before them for what it was worth. *Brown vs. The State*, 51 *Ga.* 502 ; *Shaw vs. The State*, 60 *Ga.* 246.

3. We see no error in charging the jury as complained of in the 4th ground. This charge is objected to probably on the idea that it would cause the jury to take into consideration the testimony of Reynolds. We have already ruled that the testimony was admissible, and that the jury might consider it for what it was worth. There was ample evidence exclusive of the testimony of Reynolds, which authorized the court to give this charge, the testimony of Crowley as to what was said by the defendant and by the deceased at the time of the killing, the testimony of the storekeeper as to the purchase by the defendant of the powder and shot, and as to his loading his gun a few minutes before the killing.

It will be observed that no complaint is made upon the ground that the judge said to the jury that certain things mentioned by him would be *evidence* of express

malice.   We hold that the charge was not erroneous on the ground complained of in the exception.

Judgment affirmed.