## 38890. HALES v. THE STATE.

SMITH, Justice.

Robert Hales appeals from his convictions for murder and aggravated assault. Appellant was sentenced to life imprisonment for the shooting death of his wife Annie Hales, as well as to two concurrent ten-year terms for gunshot wounds he inflicted on his twelve-year-old stepson Galvin Smith and his sister-in-law Helen Roberts.

On April 17, 1981, Robert and Annie Hales drove from their home in Wrens to Helen Roberts' Louisville residence in order to visit with Helen, her child, and Annie's five children. The couple left Wrens on the afternoon of April 17 and stopped briefly at a liquor store to purchase a half-gallon bottle of whiskey. Galvin and Annie's four other children were staying at Helen's house, apparently with Annie Hale's permission. Annie and Robert had been married for less than two months at the time of the incident in question.

Appellant and his wife arrived at the Roberts' house at approximately 3:30 p.m., and appellant, Annie, and Annie's sister Helen Roberts sat on the trunk of appellant's car, drank whiskey, and talked. At about 6:00 p.m. the shooting occurred. Helen Roberts testified that she was alone in the kitchen when she first heard a gunshot and then heard Galvin Smith scream, "Robert done killed my ma!" Ms. Roberts ran to a hallway where she saw appellant standing over Annie's body with a .22 caliber revolver in his hand. Appellant turned toward Ms. Roberts and fired, hitting her hand. Appellant proceeded to the kitchen, where he shot young Galvin through the hand as well. Galvin retaliated by hitting appellant over the head with an empty half-gallon liquor bottle, shattering the bottle and rendering appellant unconscious. Galvin ran outside where he met his aunt Helen. The pair hid beside the house until police arrived.

Appellant was discovered lying unconscious on the kitchen floor. Police found Annie Hales, dead, in the hallway where she had been shot. An autopsy determined that her death was caused by a single gunshot to the chest area. Ballistics tests showed that the bullet recovered from Annie Hales' body was fired from a gun later identified as appellant's.

At trial, appellant took the stand and testified that he had no recollection of the events of that afternoon. He denied shooting anyone. There was also evidence that appellant had a history of mental illness. The jury returned a verdict finding appellant guilty of murder and of two counts of aggravated assault. We affirm.

1. Upon review of the record, we conclude that the evidence presented at trial was sufficient to authorize a rational trier of fact to find Robert Hales guilty beyond a reasonable doubt of the murder of Annie Hales and of aggravated assault of Galvin Smith and Helen Roberts. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's sole enumeration of error is that his character was improperly placed in issue during the trial. During the State's case, the trial judge allowed into evidence testimony by Helen Roberts to the effect that she had seen appellant strike the victim on two separate occasions. The most recent such incident occurred one week before the shooting. Citing Code Ann. §§ 38-202 and 38-415, appellant contends that the admission of this testimony was reversible error. We cannot agree.

As a general rule, the state may not introduce evidence of a criminal defendant's bad character unless the defendant first introduces evidence of his good character. See Agnor's Ga. Evidence 169, § 10-5 (1976). Such evidence is inadmissible because it is not relevant to the issue of guilt or innocence of the accused. Code Ann. § 38-202. Appellant argues that Mrs. Roberts' testimony in this case should have been excluded as not relevant to the issues at trial.

The disputed evidence was properly admitted as relevant to the issue of appellant's motive in killing his wife. We have often held that evidence of prior difficulties between an accused and the victim is admissible to illustrate the accused's motive, intent, or bent of mind toward the victim. *Boling v. State,* 244 Ga. 825, 827 (262 SE2d 123) (1979); *Evans v. State,* 227 Ga. 571, 577 (181 SE2d 845) (1971); *Starke v. State,* 81 Ga. 593 (7 SE 807) (1888). In *Boling v. State,* supra, this court stated: "On a trial for murder, evidence of recent prior difficulties between the defendant and the deceased is admissible as shedding light on the state of feelings between the accused and the deceased and showing motive . . . . Evidence which is otherwise admissible is not rendered inadmissible because it incidentally places the defendant's character in issue." 244 Ga. at 828. We hold that the evidence of recent prior difficulties between appellant and the victim was properly admitted.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 1982.

*Michael J. Moses,* for appellant.
*H. Reginald Thompson, District Attorney, William H. McClain, Assistant District Attorney, Michael J. Bowers, Attorney General,*

*Nicholas G. Dumich, Assistant Attorney General,* for appellee.