## 39690. BYRD v. THE STATE.

GREGORY, Justice.

William L. Byrd was convicted of the November 7, 1981 murder of William R. Patrick and sentenced to life imprisonment.

The victim rented a room in the defendant's boarding house. According to the defendant's trial testimony, he and the victim, along with another boarder, were gathered in the defendant's living room shortly before the victim's death. Both the defendant and the victim had been drinking throughout the evening. At an unspecified time during the evening the defendant demanded that the victim move out of the boarding house, citing the victim's habit of slamming doors and his frequent use of the defendant's telephone as reasons for the eviction. The defendant testified that he was particularly annoyed that the victim used his telephone a number of times that night after the defendant requested that the victim refrain from doing so. An argument erupted. The defendant stated that in the midst of this argument the victim went into the kitchen of the boarding house and removed a beer from the defendant's refrigerator. According to the defendant, when the victim returned to the living room, the victim drew a butcher knife from his belt and stated he was going to kill the defendant. The defendant then grabbed a 20 gauge shotgun from "the end of the couch." The defendant testified that when the victim "started at" him with the butcher knife, he raised the shotgun; the victim grabbed the barrel of the gun and the gun went off. The defendant testified that the victim was standing when shot, but slumped into a chair after being hit. The defendant then telephoned the police and summoned an ambulance.

Wayne Chappell, another boarder in the defendant's boarding house testified that he was attempting to watch television in the defendant's living room during the evening of November 7 while the defendant and victim argued over the victim's constant use of the defendant's telephone. Chappell testified that he heard the victim

tell the defendant he "would kill [the defendant]." Chappell testified that he observed the defendant point this shotgun at the victim who was seated in a chair. When the victim, still seated, grabbed the barrel of the defendant's gun, Chappell stated he "dove for the floor." Chappell testified he did not see a knife in the victim's hand.

The investigating police officer testified that he received a phone call reporting the victim's death at 12:05 a.m. on November 8. Arriving at the defendant's residence he found the victim slumped in a chair, with a butcher knife "loosely grasped" in his hand.[1] The officer expressed his opinion that the impact of the shotgun blast would, at close range, have caused the victim to release the knife had he been holding it before the fatal shot was fired.

The Fulton County Medical Examiner opined that the victim had been shot from a distance no greater than three feet. He further testified that the shotgun blast "totally destroyed" the left side of the victim's brain.

Over the defendant's objection Ruth Glaze, a telephone operator for the Atlanta Marriott Hotel, was permitted to testify to a number of phone conversations she had with the victim on the night of his death. Glaze testified that she received the last call from the victim, also employed by the Marriott, "near midnight." At this time the victim informed her he was "going to get out of this place and go to work." Glaze stated that she then heard another, unidentified voice retort, "you are not going anywhere except to your grave." . . . "He said, you kicked me, the other voice did. Patrick [the victim] said, I didn't kick you. The other voice said, yes, you did, in the leg." According to Glaze, the phone line then became disconnected.

The defendant's sole complaint on appeal is that the trial court erred in permitting Glaze to testify, over his hearsay objection, to her telephone conversation with the victim and to what she heard an unidentified voice say during this conversation.

At trial the defendant testified he did not make the statement and that Glaze "must have heard the television." Wayne Chappell testified he did not hear the defendant make this statement to the victim, but that the defendant and victim were "the only two people in the room having a conversation." There is, therefore, circumstantial evidence tending to show that the defendant made the statement which Glaze testified she heard within minutes of the victim's death. As such the statement was an admission by the defendant which the trial court properly allowed in evidence. See

---

[1] On direct examination the witness testified that he found the knife in the victim's left hand; on cross-examination he stated the knife was in the victim's right hand.

McCormick, *Evidence* (2d Ed.), § 262, p. 628 (1972); 4 Wigmore, *Evidence* § 1048, pp. 2-5 (1972); Morgan, *Basic Problems of Evidence,* 265 (1962).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1983.

*James R. Venable,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.