43497. JACKSON v. THE STATE.
(350 SE2d 428)

SMITH, Justice.

The appellant, Tony Curtis Jackson, was indicted for the murder of his former wife, Teresa Lynn Jackson. A Sumter County Jury found him guilty, and he was sentenced to life imprisonment. We reverse.[1]

The appellant asserts seven errors on appeal.

1. The appellant contends in his seventh enumeration of error that the circumstantial evidence presented by the state was insufficient to uphold the verdict.

Viewing the evidence in the light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant asserts in his first enumeration of error that the trial court erred in allowing a witness to testify as to a telephone conversation she overheard.

Ms. Denise Connor testified that Ms. Jackson received a telephone call at work. Ms. Jackson told Ms. Connor that the caller was Tony Jackson and she handed Ms. Connor the telephone and told her to listen. Ms. Connor testified that she heard someone yelling about custody of children and cursing. The trial court, over an objection that the witness was being allowed to identify the voice as that of the appellant solely based on the hearsay statement of Ms. Jackson, allowed the testimony to show the allegedly troubled relationship be-

---

[1] The crime was committed on February 14, 1985. The Sumter County jury returned its verdict of guilty on August 16, 1985. A motion for new trial was filed and denied on March 28, 1986. Notice of Appeal was filed on April 22, 1986. The record was docketed in this Court on May 7, 1986, and the case was argued on July 1, 1986.

tween the appellant and the deceased.

When the contents of a telephone conversation are sought to be used against a particular person, the rule governing admissibility "requires that (a) the other party to the conversation be identified by competent evidence when identity is relevant; and (b) the contents of the phone conversation be admissible (e.g., qualify under some exception to the hearsay rule before admission)." *Cannady v. Lamb,* 146 Ga. App. 850 (247 SE2d 500) (1978). The identity in this case was relevant because the appellant denied making the call and denied that he and Ms. Jackson were having problems at the time of the call.

Ms. Connor testified that the only way she could identify the voice as that of the appellant was by Ms. Jackson's statement that it was Tony Jackson on the phone. Ms. Connor had never met the appellant and she did not know his voice. There was no competent evidence in this case to identify the caller as the appellant. The identity was provided by the hearsay statement of Ms. Jackson. Thus, it was error to allow Ms. Connor to testify as to the contents of the telephone conversation she overheard.

3. The appellant contends in his second enumeration of error that the trial court erred in allowing several witnesses to testify as to conversations they had with Ms. Jackson regarding the appellant.

The trial court allowed several witnesses to repeat statements allegedly made by Ms. Jackson during conversations with the witnesses. The appellant's counsel made continuing objections to the testimony on the ground that it was inadmissible hearsay.

Part of the court's final charge to the jury was as follows: "You will recall that the question arose as to the admissions of [Ms. Jackson] prior to her death which were relative to alleged difficulties with the [appellant]. In that connection, you are charged that the Official Code of Georgia provides in Section 24-3-2 that 'when in a legal investigation, information, conversations, letters and replies, and similar evidence of fact to explain conduct and ascertain motives, they shall be admitted into the evidence, not as hearsay, but as original evidence.' This section has been interpreted by several cases to mean that the evidence of previous difficulty between the defendant and the victim which illustrates the state of feeling between them is admissible to ascertain motive and conduct. Thus [Ms. Jackson's] statements in this case are admissible to ascertain and explain the conduct, state of mind or motive of the [appellant] in relation to the offense herein charged."

*Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982), was written to prevent an overly broad interpretation of OCGA § 24-3-2. We said in *Momon,* "[w]hen, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversa-

tions, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct. Green, Ga. Law of Evidence, § 300 (1957); *Brewer v. Henson,* 96 Ga. App. 501, 502 (100 SE2d 661) (1957). But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under [OCGA § 24-3-2]." Id. at p. 867.

For conversations to be admissible under OCGA § 24-3-2 and *Momon,* the conversations *must be known to the actor.* Then if and only if the actor's *conduct or motives are relevant to issues being tried,* those *conversations upon which the actor acted* are admissible. They are admissible because they represent original evidence to prove the very fact that such a conversation occurred, not its truth or falsity.

The witnesses in this case testified as to conversations they had with Ms. Jackson that were unknown to the appellant. The out-of-court statements were offered in evidence to prove the truth of the matter asserted in them and they were statements that did not derive their value solely from the credit of the witness but rested mainly on the veracity and competency of the deceased, therefore, they were hearsay. OCGA § 24-3-1.

Ms. Jackson's conversations with others regarding statements made by the appellant or actions taken by the appellant were not admissible to explain the appellant's motive or conduct under OCGA § 24-3-2 or *Momon. Dover v. State,* 250 Ga. 209, 213 (296 SE2d 710) (cert. den., 459 U. S. 1221, (103 SC 1228) (1982)).

Since *Starke v. State,* 81 Ga. 593 (7 SE 807) (1888), Georgia has allowed those *who were witnesses* to previous difficulties between an accused and a victim, as opposed to those who *heard of* previous difficulties, to testify regarding previous difficulties "to illustrate the state of feeling between them, . . ." Id. at p. 596. However, OCGA § 24-3-2 and *Momon* do not allow out-of-court statements made by the deceased to others to be used to ascertain the motive or the conduct of the accused.

The charge that was given to the jury in this case was an incorrect statement of the law.

4. We find no error in the appellant's remaining enumerations.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents, and Weltner, J., who dissents as to Division 1 and the judgment.*

Decided November 26, 1986 —
Reconsideration denied December 17, 1986.

*Vansant, Gilberg, Kraselsky & Corriere, John M. Vansant, Jr.,* for appellant.

*John R. Parks, Jr.,* District Attorney, *Michael J. Bowers,* Attorney General, *J. Michael Davis,* Assistant Attorney General, for appellee.