## 44806. CANNON v. THE STATE.
(360 SE2d 592)

MARSHALL, Chief Justice.

The appellant, Eddie B. Cannon, was convicted of three crimes. First, he was convicted of the murder of Ralph Price. Second, he was convicted of the commission of an aggravated assault upon Virginia Cannon, who is the appellant's wife, although at the time of the commission of the crimes in this case they were living in a bona fide state of separation. Third, he was convicted of the commission of burglary, resulting from his breaking into Ms. Cannon's house with the intent to commit a felony therein. He was given a sentence of life imprisonment for the murder conviction, a consecutive sentence of 20 years' imprisonment for the aggravated-assault conviction, and a concurrent sentence of 20 years' imprisonment for the burglary conviction.[1] He appeals. We affirm.

The appellant and his wife had resided at 143 Washington Street in Edison, Calhoun County, Georgia. In January of 1986, the couple separated, and the appellant moved out of the marital residence.

During the early afternoon hours of July 7, 1986, Ralph Price was visiting Virginia Cannon at her residence. The appellant appeared at the house, and he entered without knocking on the door. The appellant became agitated as a result of Mr. Price's presence in the house, and Mr. Price left. The appellant spoke briefly with Ms. Cannon, and then he left. He went to his father's house, and obtained a 12-gauge shotgun and several shotgun shells. He subsequently returned to Ms. Cannon's residence, and he placed the shotgun and shells behind a shed located in the backyard.

At approximately 9:30 p.m., the appellant returned to Ms. Cannon's residence. He testified at trial that he peered in a window and saw Ms. Cannon and Mr. Price engaged in sexual relations on the sofa. The appellant then went to the shed; he retrieved the shotgun and shells, and entered the house through a window. Ms. Cannon testified that, at this time, she and Mr. Price were on the sofa watching television; and when the appellant entered the room, Mr. Price arose

---

[1] The indictment was returned against the appellant on October 6, 1986. The appellant was tried, convicted and sentenced on December 2, 1986. A motion for new trial was filed on December 18, 1986, and denied on May 7, 1987. The notice of appeal was filed on May 29, 1987, and the transcript was filed in the trial court on June 15, 1987. The record and transcript were docketed in this court on July 1, 1987, and the case was submitted for decision without oral argument on August 14, 1987.

from the sofa and stated to the appellant, "Hold it, man, let's talk." However, the appellant aimed the shotgun at Mr. Price's chest and fired one shot. Mr. Price fell to the floor.

As further testified to by Ms. Cannon, after the appellant shot Mr. Price, he began shaking all over, and Ms. Cannon ran over to him and grabbed him after he reached into his pocket for another shell. The two of them "tussled," and when she "took the gun loose, [she] opened the door and ran out the door." The appellant reloaded the gun, and ran out of the house after Ms. Cannon. As she was knocking on a neighbor's back porch door, the appellant aimed the gun at her and fired. She sustained several wounds, none of which was fatal.

An autopsy of Mr. Price's body revealed one shotgun wound, which destroyed the liver, as well as a portion of the kidney, along with fragmentations and contusions to the adrenal gland and lung. The cause of death was the bleeding caused by the gunshot wound.

After the shootings, the appellant was arrested by law-enforcement authorities. Chief of Police Jim Camp of the City of Edison Police Department interrogated the appellant on the afternoon of July 8 in his office. Calhoun County Sheriff Charles Cheney and Deputy Sheriff Sam Eaton were present during the interrogation. Chief of Police Camp testified that he fully informed the appellant of his *Miranda* rights, and the appellant waived these rights after indicating that he understood them. As further testified to by Chief of Police Camp, Sheriff Cheney, and Deputy Sheriff Eaton, during the interrogation the appellant did not request anything to eat or drink; he did request that he be allowed to go to the bathroom, which request was granted; and, although he appeared nervous and upset, he was quite coherent. He did, however, during the course of giving his statement to the police, request that he be allowed to go to the doctor and get a shot for his nerves. He was told that as soon as the interrogation was over, he would be taken to the doctor's office. The appellant was taken to the doctor's office after the interrogation had concluded, and no serious medical problems were brought to the attention of the law-enforcement authorities.

The trial court ruled that, from a preponderance of the evidence, the appellant was advised of each of his *Miranda* rights, that he understood them, that he voluntarily waived them, and that he thereafter gave his statement freely and voluntarily without any hope of benefit or fear of injury. The trial court further ruled that the request for medical attention was not such as would have rendered the statement inadmissible.

In this statement, the appellant stated that he did not intend to shoot Ms. Cannon, but that the shotgun discharged accidentally while he was pointing it at her. However, the evidence shows that he reloaded the shotgun after shooting Mr. Price, and Police Chief Camp

gave testimony concerning the difficulty of unloading and reloading a 12-gauge shotgun after such a gun has been fired.

In his statement, the appellant also maintained that he had shot Mr. Price with the shotgun after stating, "I ain't going to kill anybody," but Mr. Price advanced toward him, stating, "You got it [the shotgun], you better use it."

Prior to trial, pursuant to Uniform Superior Court Rule 31.3 (253 Ga. at p. 806) the state gave the appellant notice of its intention to present evidence of a similar transaction or occurrence, consisting of an indictment returned against the appellant by the Special May 1986 Grand Jury for Calhoun County for the offense of aggravated assault upon Virginia Cannon by shooting at her with a rifle. After a pretrial hearing, the trial court ruled that evidence of this prior occurrence was admissible because of its similarity to the aggravated assault perpetrated upon Ms. Cannon in the instant case. At trial, Ms. Cannon, over objection by defense counsel, referred to this prior criminal charge against the appellant in her testimony.

In this appeal, the appellant enumerates three alleged errors.

1. First, the appellant argues that the evidence at trial established, as a matter of law, that the appellant's killing of Ralph Price constituted voluntary manslaughter rather than murder,[2] and that his shooting of Virginia Cannon was the result of accident and not an aggravated assault. We disagree.

Reviewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crimes of murder and aggravated assault beyond a reasonable doubt. E.g., *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Second, the appellant argues that his statement to the police should not have been admitted in evidence at trial, because the withholding of medical attention until after the interrogation had been concluded resulted in the statement's having been made involuntarily, and having been induced by the hope of benefit. We, likewise, disagree with this argument.

"To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. "A reward of lighter punishment is generally the 'hope of benefit' to which [OCGA § 24-3-50] refers. *Presnell v. State*, 241 Ga. 49 (243 SE2d 496) (1978), reversed on other grounds in 439 U. S. 14 (99 SC 235, 58 LE2d 207)

---

[2] Although the trial court's instructions to the jury do not appear in the transcript, the record indicates that the trial court did give appellant's request to charge the jury on voluntary manslaughter, and the appellant does not complain of any refusal on the part of the trial court to give such charge.

(1978)." *Caffo v. State*, 247 Ga. 751, 757 (3) (279 SE2d 678) (1981). Unless clearly erroneous, a trial court's findings as to the factual determinations regarding the voluntariness of a confession will be upheld on appeal. E.g., *Caffo v. State*, supra, and cits.

We hold that the trial court's findings with respect to the factual determinations regarding the voluntariness of the appellant's out-of-court statements, which admitted the acts charged but denied criminal intent, are not clearly erroneous.

3. Finally, the appellant argues that the introduction of evidence concerning the prior aggravated-assault charge improperly placed his character in issue. We also disagree with this contention.

Although as a general rule the state may not introduce evidence of a criminal defendant's bad character unless the defendant first introduces evidence of his good character, "[w]e have often held that evidence of prior difficulties between an accused and the victim is admissible to illustrate the accused's motive, intent, or bent of mind toward the victim. *Boling v. State*, 244 Ga. 825, 827 (262 SE2d 123) (1979); *Evans v. State*, 227 Ga. 571, 577 (181 SE2d 845) (1971); *Starke v. State*, 81 Ga. 593 (7 SE 807) (1888)." *Hales v. State*, 250 Ga. 112, 113 (2) (296 SE2d 577) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 1987.

*Harold H. Hobbs,* for appellant.

*J. Brown Moseley, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.