S91A0122. EMORY v. THE STATE.
(400 SE2d 625)

WELTNER, Justice.
Nelson Emory stabbed Dale Stephens to death with a knife. He was convicted of murder and sentenced to life imprisonment.[1]

While Emory was visiting a female friend, he became engaged in an argument with her brother, Stephens. The latter obtained a piece of wood with which he attacked Emory. Although Emory had an opportunity to depart, he stabbed Stephens in the heart.

---

[1] The homicide occurred on November 11, 1988, and Emory was indicted for murder on April 10, 1989. He was found guilty of malice murder on January 17, 1990, and was sentenced the same date. His motion for new trial was filed on January 23, 1990, and denied on September 13, 1990. A notice of appeal was filed on September 24, 1990. The appeal was docketed on October 25, 1990, and submitted without oral argument on December 7, 1990.

1. The evidence is sufficient to permit a rational trier of fact to find Emory guilty of malice murder beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Emory contends that the trial court abused its discretion in denying his motion for sequestered, individual voir dire of potential jurors. He alludes to the possibility of the presence of potential jurors who had been present at his arrest, and of others who had been listening to the proceedings in the courtroom.

(b) All of the jurors stated, on inquiry, that they could be fair and impartial, and defense counsel made no objection to the jury as selected. There was no error.

3. (a) Emory asserts that the trial court erred in admitting evidence of prior difficulties between Emory and the victim. He argues also that the occurrences were too remote in time to be relevant.

(b) In *Hamilton v. State*, 260 Ga. 3, 4 (389 SE2d 225) (1990), we stated as follows:

> Although as a general rule the state may not introduce evidence of a criminal defendant's bad character unless the defendant first introduces evidence of his good character, "[w]e have often held that evidence of prior difficulties between an accused and the victim is admissible to illustrate the accused's motive, intent, or bent of mind toward the victim. [Cits.]" *Hales v. State*, 250 Ga. 112, 113 (2) (296 SE2d 577) (1982).

In *Rotino v. State*, 259 Ga. 295, 296 (2b) (380 SE2d 261) (1989), we held that the length of time between the prior incidents and the homicide "is a factor bearing on the weight, not the admissibility, of the evidence. [Cit.]"

4. (a) Emory urges that both the trial court and the prosecution committed misconduct such as to deny to him a fair trial.

(b) Our review of the record reveals that the statements by the trial court and the prosecution, taken in context, were warranted for the purpose of encouraging the defendant to make a motion for whatever relief he desired, or for ensuring that the trial proceeded according to proper procedure. There is no showing that the conduct in question was either improper or harmful.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*Laurens C. Lee*, for appellant.

*Ralph M. Walke*, District Attorney, *Peter F. Larsen*, *S. Craig Fraser*, Assistant District Attorneys, *Michael J. Bowers*, Attorney

*General, Andrew S. Ree,* for appellee.