## S91A0840. MILLER v. THE STATE.
(410 SE2d 101)

BELL, Justice.

Raymond Arnold Miller was convicted of the malice murder of his adult daughter, Deborah Sue Miller, and was sentenced to life imprisonment.[1] He appeals, and we affirm.

---

[1] The crime occurred on October 13, 1988. Miller was indicted on January 5, 1989. On January 26, 1990, he was found guilty and sentenced. His motion for new trial was denied on

1. Appellant and the victim lived together and had an incestuous relationship, in which she repeatedly attempted to escape appellant but each time was persuaded or coerced into returning. On her final attempt appellant tracked her to a K-Mart parking lot in Mableton, Ga., where he shot her twice with a pistol. The second shot was at close range to the back of her head and caused her death. We find that the evidence meets the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. There is no merit in appellant's enumeration that the admission into evidence of the testimony of Pamela Miller McKinney concerning a prior difficulty between appellant and the victim violated Uniform Superior Court Rule 31.1.

3. The court did not err by admitting into evidence pre-autopsy photographs of the victim.

4. We find no error in the trial court having permitted the State to question a State's witness, Fred Vineyard, by means of leading questions so that the State could impeach Vineyard by use of his prior statement. *Harris v. State*, 250 Ga. 889 (302 SE2d 104) (1983).

5. After his conviction and sentence, appellant's trial counsel were replaced by his current counsel. On motion for new trial appellant alleged that his trial counsel had been ineffective, but after holding an evidentiary hearing on that issue the trial court found that trial counsel had afforded effective representation to appellant. On appeal, appellant enumerates that ruling as error, but we find that the trial court did not err. *Bowley v. State*, 261 Ga. 278 (404 SE2d 97) (1991).

6. Appellant contends that his Fifth Amendment right to due process and Sixth Amendment right to trial by an impartial jury were violated when, during the course of his trial and before the jury began deliberating, the court excused a juror and replaced her with an alternate juror after an out-of-court contact between the juror and defense counsel. Under the circumstances of this case, we find that the trial court had a sound basis for exercising its discretion to discharge the juror and that, accordingly, appellant's Fifth and Sixth Amendment rights were not violated in this regard. See generally *Peek v. Kemp*, 784 F2d 1479 (11th Cir. 1986); *Green v. Zant*, 715 F2d 551 (11th Cir. 1983); OCGA § 15-12-172. Inter alia, the discharge of the juror had a sound basis in that it served the legally relevant purpose of "preserv[ing] public respect for the integrity of the judicial process." See generally *Beam v. State*, 260 Ga. 784, 786 (2) (400 SE2d 327) (1991) (holding that even if a prospective juror was actually unbiased,

---

February 4, 1991, and he filed a notice of appeal on February 14, 1991. The clerk of the trial court certified the record on March 21, 1991. On March 22, 1991, the record was docketed in this Court. On May 3, 1991, the appeal was submitted for decision on briefs.

she should have been excused for cause because she was employed by the same district attorney who prosecuted the appellant).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 15, 1991.

*J. Michael Treadaway,* for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Jack E. Mallard, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.