## S92A0647. EDWARDS v. THE STATE.
### (422 SE2d 424)

BELL, Presiding Justice.

The appellant, Earl Lee Edwards, was found guilty of the malice murder of Tommy Wene.[1] Edwards appeals, contending that the state failed to prove the requisite intent; that evidence concerning prior threats should not have been admitted; that testimony was admitted in violation of the rule of sequestration; and that trial counsel was ineffective. We affirm.

---

[1] The crime occurred on May 7, 1991. Edwards was indicted on May 21, 1991. He was sentenced to life in prison for the murder conviction on June 20, 1991. Edwards filed a motion for new trial on July 11, 1991. The court reporter certified the transcript on September 18, 1991. Edwards amended his motion for new trial on November 20, 1991. The trial court denied the motion for new trial on February 13, 1992. Edwards filed his notice of appeal on February 24, 1992. The case was docketed in this Court on March 3, 1992. The appeal was submitted for decision without oral arguments on April 17, 1992.

On May 7, 1991, Edwards drove by his former wife's house in his truck, and saw Wene mowing his former wife's lawn. Edwards knew that Wene and his former wife had been dating. Edwards had been divorced for almost four years and testified that he and his former wife had an oral agreement that his wife was to have no men on the property while his daughter was living at the residence. On May 7 Edwards' daughter was living with his former wife. After observing Wene's activities on the property, Edwards pulled into a neighbor's driveway. The neighbor testified that Edwards said Wene was not supposed to be there and threatened to kill Wene. Edwards then drove away. However, a short time later he drove by the lawn a second time, yelling from his car. Later, Edwards returned to his former wife's house for a third time. He drove onto the lawn, stopped his truck, and called to Wene. As Wene walked toward the vehicle, Edwards fired a single shot from a handgun, striking Wene in the chest. Although Edwards testified that Wene came at him with an object in his hand that could have been a stick, knife, or gun, witnesses said that Wene did not have such an object, and police found no such object at the scene.

1. In his first enumeration of error, Edwards contends the evidence is insufficient to support his murder conviction. We disagree. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Edwards guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, Edwards contends the trial court erred in permitting the state to introduce evidence of threats he had made to Wene; to a man Edwards' former wife had dated before she dated Wene; and to a boyfriend of Edwards' daughter. Edwards contends that evidence of these threats improperly placed his character into evidence, and that the threats were too remote from the homicide to be admissible. We find no error.

First, the threats were not too remote in time from the homicide to be relevant. Each of the threats occurred after Edwards was divorced from his former wife and within a year-and-a-half of the homicide. See *Emory v. State*, 260 Ga. 814, 815 (3) (b) (400 SE2d 625) (1991). Moreover, the threats against Wene were admissible to demonstrate Edwards' " 'motive, intent, or bent of mind toward the victim.' " Id. at 815 (quoting *Hales v. State*, 250 Ga. 112, 113 (2) (296 SE2d 577) (1982)). Finally, we find that the threats toward the man that Edwards' former wife dated before she dated Wene and the threats toward Edwards' daughter's boyfriend were admissible because they establish a pattern of conduct that was relevant to prove his intent, motive, and identity in the instant case. See *Ward v.*

*State*, 262 Ga. 293, 295 (2) (417 SE2d 130) (1992).[2]

3. Contrary to Edwards' third enumeration, we conclude the trial court did not err in permitting a prosecution witness to testify even though the witness had remained in the courtroom in violation of the rule of sequestration. *Johnson v. State*, 258 Ga. 856, 857-858 (4) (376 SE2d 356) (1989); *Moore v. State*, 255 Ga. 519, 521-522 (3) (340 SE2d 888) (1986).

4. After his conviction Edwards' trial counsel was replaced by current counsel. In his motion for new trial Edwards claimed that his trial counsel had been ineffective. After an evidentiary hearing, the trial court denied Edwards' motion for new trial. On appeal Edwards contends the trial court erred by failing to find his trial counsel rendered ineffective assistance. However, after reviewing the record, we conclude the trial court did not err. See *Miller v. State*, 261 Ga. 679, 680 (5) (410 SE2d 101) (1991); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Benham and Sears-Collins, JJ., concur; Fletcher, J., concurs specially as to Division 2.*

FLETCHER, Justice, concurring specially as to Division 2.

In the present case, the state sought to introduce evidence of four separate incidents wherein the accused had threatened to kill a man with whom his ex-wife or his daughter was involved. I agree with the majority that evidence of these four independent acts was admissible in the present case but I write separately to examine such evidence more closely.

The words used by the state in the notice of its intent to present the independent act evidence involved here stated that the evidence was being offered "for the purpose of identifying the defendant, and showing a common motive, plan, scheme, bent of mind, modus operandi, or [course] of conduct." Those basic words, in numerous variations, are being used like some magic litany to justify the introduction

---

[2] The concurrence of Justice Fletcher is correct insofar as it warns against the use of a "magic litany to justify the introduction" of independent act evidence, and also insofar as it explains why the independent acts in question were admissible to prove intent, but we disagree with the concurrence's conclusion that the independent acts were not also admissible to prove identity. While we acknowledge that Edwards' admission that he shot the victim did reduce the relevancy of the acts as to identity, we see no reason that the admissibility of the acts as to identity must be considered in isolation from their admissibility for other purposes. Once it is concluded (as do both the opinion of this Court and the concurring opinion) that the independent acts were admissible to prove *intent*, then there is no reason to disallow the use of those acts to help establish other issues, such as identity. The utility of the latter use may be small, but such use inflicts no additional prejudice upon the defendant, as all possible prejudice from introduction of the acts will accrue once they are allowed to prove intent, regardless of whether they are also allowed to prove identity.

of independent act evidence in case after case that comes before this court. However, there is nothing magic about those words and their use is no substitute for the requisite analysis that this type of evidence must undergo before it may be introduced: evidence of the independent acts must be offered for some purpose other than to show that the accused is a person of bad character. Additionally, it must be demonstrated that the relevance of the independent act evidence outweighs its inherently prejudicial nature.

Here, because Edwards admitted shooting the victim, the issue of identity of the perpetrator of the crime was not in dispute. Thus, the relevance of the challenged evidence as to the identity of the perpetrator was far outweighed by the prejudice created in the minds of the jurors by the introduction of the evidence and did not justify its admission.

However, Edwards' defense was based upon his claim that he had fired at the victim in self-defense when the victim, with an unidentified object in his hand, rushed at Edwards. The state, on the other hand, sought to prove that Edwards had not acted in self-defense but out of jealousy for the victim's involvement with Edwards' ex-wife. Edwards' defense turned upon the intent behind his act of firing at the victim and, as a result, the earlier instances of threats made by Edwards were relevant to show that Edwards' intent was not to defend himself from the victim but to kill the victim because of the victim's involvement with Edwards' ex-wife.

Because the prejudice inherent in the independent act evidence could be said to be outweighed by its relevance to Edwards' intent, I concur specially with Division 2 of the majority opinion.

DECIDED OCTOBER 22, 1992.

*William W. Keith III*, for appellant.

*Jack O. Partain III, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellee.