S94A0712. JONES v. THE STATE.
(449 SE2d 612)

HUNT, Chief Justice.

Thomas Jones killed Sonya Brown and their unborn child. He was convicted of malice and felony murder, aggravated assault and feticide and given two concurrent life sentences.[1] He appeals and we affirm.

1. Having reviewed the evidence in the light most favorable to

---

[15] Subsection (21), applicable to the C-1 zoning district, provides for, "Transportation and storage: (a) Automobile parking."

[1] Jones killed the victim on December 28, 1991. He was indicted by the Fulton County Grand Jury on November 13, 1992. On January 25, 1993, a jury convicted Jones of malice and felony murder, aggravated assault (two counts) and feticide. The trial court merged the felony murder and aggravated assault convictions with the malice murder conviction and gave Jones concurrent life sentences for malice murder and feticide. The court reporter certified the record on February 10, 1993. Jones' motion for new trial, filed on February 26, 1993, and amended July 26, 1993, was denied on January 7, 1994. Jones filed a timely notice of appeal, and the appeal was docketed in this court on February 14, 1994. His appeal was submitted for decision without oral argument on April 18, 1994.

the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the trial court erred by allowing the victim's mother, landlady, and friend to testify regarding the victim's statements about prior difficulties between the victim and the defendant. We disagree. The evidence met the requirements we set out in *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) regarding the admissibility of evidence of prior difficulties between the defendant and the victim. See also *Maxwell v. State*, 262 Ga. 73, 75 (2) (b) (414 SE2d 470) (1992). The defendant correctly argues that the witnesses' testimony regarding prior difficulties was hearsay. However, the testimony was admissible under the "necessity" exception, OCGA § 24-3-1 (b). *Roper v. State*, 263 Ga. 201, 202 (2) (429 SE2d 668) (1993). The defendant's reliance on *Jackson v. State*, 256 Ga. 536, 537 (3) (350 SE2d 428) (1986) is misplaced, and we find no error in the admission of this testimony.

3. We find no error requiring reversal in the defendant's remaining enumerations.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 14, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994.

*William S. Richardson*, for appellant.

*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General*, for appellee.

---

[2] These enumerations were that the trial court erred in: restricting cross-examination of a state's witness; improperly instructing the jury on the issue of prior difficulties; allowing the state to present evidence of prior difficulties before it presented evidence on the indicted charges; failing to strike the testimony of a police officer; assisting the state in establishing the foundation for the admission of evidence; denying Jones' motion to remove a juror after contact with a state's witness; and failing to conduct individual voir dire of jurors following the district attorney's altercation with a defense witness.