## A99A2413. BOLER v. THE STATE.
(522 SE2d 676)

McMurray, Presiding Judge.

Defendant was tried before a jury and convicted of aggravated battery, possession of a firearm during the commission of a felony, discharge of a pistol near a public street, and carrying a pistol without a license. The evidence which authorized these convictions reveals that defendant fired a handgun during a high school graduation party and that a bullet from this gun wounded the victim. The victim's spinal cord was severed — she will be paralyzed for the rest of her life.

This appeal followed the entry of defendant's judgment of convictions and sentences. *Held*:

1. Defendant contends the trial court erred in allowing a Georgia State Patrol Officer to testify that two unidentified partygoers identified defendant as the gunman. Because these declarations were uttered in response to the lone officer's unfocused questioning to a disturbed crowd upon his arrival at the crime scene, within minutes after the shooting and while the officer was aiding the wounded victim and assessing the immediate risk of another shooting, the trial court did not err in admitting the statements as part of the res gestae. When the circumstances under which a statement is uttered renders the statement free from suspicion or device of afterthought, a trial court's admission of the statement under the res gestae rule will not be disturbed absent clear error. *Andrews v. State*, 249 Ga. 223, 224-228 (290 SE2d 71); *Stovall v. State*, 216 Ga. App. 138 (1) (453 SE2d 110). We find no such error in the case sub judice.

2. The trial court did not abuse its discretion by replacing a juror with an alternate juror after the jury began deliberations when it was discovered that the replaced juror met with a relative during a lunch break and that this relative stated her opinion as to defendant's innocence. The replaced juror's relative explained to the trial court: "I told her I didn't feel like he was guilty because there was no evidence. No solid evidence."

The trial court's discharge of the juror in question had a sound basis in that it served the legally relevant purpose of preserving the integrity of the judicial process. *Miller v. State*, 261 Ga. 679, 680 (6) (410 SE2d 101).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 17, 1999.

*John A. Rumker*, for appellant.
*Richard E. Currie, District Attorney*, for appellee.