## S02A0566. SMITH v. THE STATE.
(565 SE2d 453)

FLETCHER, Chief Justice.

A jury convicted Demetric Andre Smith of felony murder and cruelty to children in connection with the stabbing death of his girlfriend Yolanda R. Bridges.[1] The trial court sentenced him to life imprisonment on the felony murder charge and twenty years imprisonment on the cruelty to children charge. Smith challenges the admission of testimony that a witness heard the defendant threaten to kill the victim during a telephone conversation three days before Bridges died. Because the witness heard Smith make the threat and recognized his voice, the trial court correctly found that the witness could testify about her telephone conversation. Therefore, we affirm.

1. The evidence presented at trial shows that Smith and Bridges argued frequently during the three months he lived with her; Smith slapped Bridges, pushed her, called her names, and threatened to

---

[1] The stabbing occurred on April 7, 1997. Smith was indicted on October 3, 1997, and the jury found him guilty on May 13, 1999. Smith filed a motion for new trial that the trial court denied on September 6, 2001, and Smith filed a notice of appeal on October 3, 2001. The case was docketed in the clerk's office on December 27, 2001, and submitted for decision without oral arguments on April 15, 2002.

blow up their apartment building. Smith had a key to Bridges' apartment and was the last person seen with her on April 7, the day she died. That afternoon a neighbor heard crying from the apartment. Two people kicked in the front door, which was locked, and found Bridges' two-year-old son and one-year-old daughter next to their mother's dead body. Bridges' new television was missing; police found it later that day in a room that Smith had rented. Initially Smith told police that he bought the television that morning, but he testified at trial that he had given the money to Bridges to buy the set. He also told a friend that he was at the hospital on the night Bridges died, but changed his alibi at trial, testifying that he was in his room or selling marijuana on the streets that night. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Smith guilty of the crimes charged.[2]

2. The victim's aunt, Delores Hose, testified at trial that she was talking to her niece on the telephone on April 4 when she heard Smith threaten to kill Bridges. Smith objected to the testimony as hearsay, arguing that the witness identified Smith as the speaker based solely on the hearsay statement of Bridges and that the testimony failed to meet any exception to the hearsay rule.

Before a witness may testify about a threat heard over the telephone, there must be competent evidence to establish the identity of the speaker.[3] One way to authenticate a voice is through "direct testimony of voice recognition."[4] In this case, the witness did not rely merely on her niece's hearsay statements to identify Smith as the person she overheard making a threat. Hose testified that she heard Smith speak to her niece and recognized his voice. Because the witness identified the defendant through her personal knowledge and directly heard the threat that he made to the victim, the trial court did not err in allowing her to testify about the defendant's statement that she overheard on the telephone.[5]

3. Smith also contends that trial counsel was ineffective for failing to object to a police detective's hearsay testimony or to the introduction of a certified copy of the birth certificate of Smith's son. To establish ineffective assistance of counsel, Smith must show that his trial counsel's performance was deficient and that the deficient per-

---

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Brown v. State*, 266 Ga. 723, 725 (470 SE2d 652) (1996); *Jackson v. State*, 256 Ga. 536, 537 (350 SE2d 428) (1986); *Denson v. State*, 209 Ga. 355, 356 (72 SE2d 725) (1952).

[4] See *Cannady v. Lamb*, 146 Ga. App. 850 (247 SE2d 500) (1978).

[5] Cf. *Byrd v. State*, 251 Ga. 455, 456 (306 SE2d 915) (1983) (admitting testimony of witness who heard an unidentified voice threaten the victim over the telephone when another witness testified that the defendant and victim were the only two people in the room having a conversation).

formance prejudiced the defense.[6] Here, the attorney's decision to forego objecting to the detective's testimony, which was cumulative of other witnesses' testimony, and to the properly admitted public document was a legitimate trial strategy that falls within the range of reasonable professional conduct. Because Smith has failed to show that trial counsel's performance was deficient or prejudicial, we conclude he was not denied effective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 10, 2002 —
RECONSIDERATION DENIED JULY 12, 2002.

*Anna Blitz*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

---

[6] See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).