### 43294. COOPER v. THE STATE.
(347 SE2d 553)

CLARKE, Presiding Justice.

Appellant and his girl friend, the victim, became involved in a quarrel. She took a shotgun from behind the bedroom door. They struggled for the gun in the house and into the yard. Appellant wrestled the gun from her, and as she attempted to run, he shot her in the back with the shotgun at a distance of about six to eighteen feet. The victim ran to a neighbor's house and collapsed. An unidentified male called the police and told them that he had killed his girl friend. Appellant ran to the neighbor's house. The neighbor let neither the victim nor the appellant into her house but did call police. As the police drove up appellant flagged them down, obviously upset and concerned about the victim.

After being given his Miranda rights appellant told police that the victim's "boyfriend" broke into the house and shot the victim. At some point in the conversation one of the officers stated that he wanted to "help" appellant. Appellant made a statement to police that he had shot the victim. When police sought to question him later at the police station he refused to talk further and asked to see a lawyer.

At trial appellant testified that the shooting was an accident. There was testimony from Officer Ronald Matthews that on November 6, 1983, appellant and the victim were involved in an altercation during which appellant cut the victim with a knife many times on the face and arm. For this, appellant was convicted of simple battery.

The jury convicted appellant of the murder and he was sentenced to life imprisonment. He brings this appeal. We affirm.[1]

1. In his first enumeration of error appellant complains that testimony concerning the incident which led to his conviction for simple battery of the victim impermissibly brought his character into issue. Evidence of previous difficulties between a defendant and victim is relevant to show defendant's motive and bent of mind. *Faircloth v. State,* 253 Ga. 67 (316 SE2d 457) (1984); *Blalock v. State,* 250 Ga. 441 (298 SE2d 477) (1983). The evidence of the prior incident was rele-

---

[1] The crime occurred February 13, 1985. Appellant was indicted May 15, 1985. He was convicted of murder on September 25, 1985, and sentenced September 30, 1985. A motion for new trial was filed September 27, 1985, amended January 6, 1986, and denied February 7, 1986. The transcript was certified December 11, 1985. The case was docketed in this court March 14, 1986 and submitted for decision April 25, 1986.

vant here, particularly in light of the appellant's contention at trial that the shooting was an accident. Although evidence of prior difficulties should be received with care and should not be admitted at all if there is no probative connection with the present case, *Barnes v. State*, 157 Ga. App. 582 (277 SE2d 916) (1981), where the evidence sheds light on the defendant's conduct toward the victim, its relevance outweighs its prejudicial effect.

2. Appellant's second enumeration of error concerns the voluntariness of his confession to police at the scene of the shooting. He insists that the officer's statement that he wanted to "help" appellant was an offer of reward which tainted the confession in that it induced in appellant a hope of benefit. Further, appellant argues that his statement was not voluntary because of his extreme distress and concern for the victim.

During the Jackson-Denno hearing the officer was examined, and the following colloquy took place: "He didn't want to talk to you, but you talked him into talking to you, didn't he?" "Yes." "Because you said, I want to help you; right?" "Yes." "How were you going to help him?" "Because at the time, I felt he needed help and most time when a person need help they need someone to talk to him and I was going to help by listening to what he had to say." The officer said when appellant told him that his girl friend's boyfriend shot her he told appellant, ". . . look, just take your time and level with me, 'cause I want to help you." When appellant on the ride to the police station asked if the victim was dead or how badly she was hurt, the officer told him not to worry about it, that he did not believe she was dead, even though he knew she was dead. The officer testified that on the ride back to the station house he was mainly interested in getting the defendant back to the station where he could write down the statement. He was alone with the defendant and kept reassuring him about the condition of the victim in order not to upset him. When they reached the station the defendant was given his rights again and refused to talk to the detectives further.

The trial judge found after the Jackson-Denno hearing that the "minimum requirements" of Jackson-Denno had been met, although ". . . there are some objections to the way the statement was taken and also to the testimony given by the officer." The thrust of appellant's objection to the court's finding his statement voluntary is that the detective's statement that he wanted to "help" appellant was construed as an offer of benefit which would make the statement involuntary under OCGA § 24-3-50. However, we have construed the "slightest hope of benefit" as meaning the hope of a lighter sentence. *Caffo v. State*, 247 Ga. 751 (279 SE2d 678) (1981). In *Caffo v. State*, the statement of a policeman to the defendant that he would "feel better" if he rid himself of the heavy load on his chest did not hold out the

hope of benefit which would taint a confession. Unless clearly erroneous, a trial court's findings of credibility and its findings of fact will be upheld on appeal. *Mullinax v. State*, 255 Ga. 442 (339 SE2d 704) (1986); *Caffo v. State*, supra at 757.

Appellant's complaint that the confession was tainted by his distress and concern for the victim and by the detective's failure to write down the statement including appellant's allegation that it was an accident, go to the weight to be given the confession and not to its admissibility. We find no error.

3. In his final enumeration of error appellant contends that he should have been granted a directed verdict. He insists that without the confession, all the evidence against him is circumstantial. He argues that his defense of accident was a reasonable hypothesis which was not ruled out by the evidence. OCGA § 24-4-6. The difficulty with this argument is that the evidence is not entirely circumstantial but includes the very direct evidence of appellant's confession, which was found to be voluntary. The requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), have been met, and the evidence is sufficient for a conviction.

*Judgment affirmed. All the Justices concur, except Smith and Bell, JJ., who concur in the judgment only.*

DECIDED SEPTEMBER 3, 1986.

*Charles C. Grile*, for appellant.
*Spencer Lawton, Jr., District Attorney, Lars T. Granade, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.