## 43526. RAINWATER v. THE STATE.
### (347 SE2d 586)

GREGORY, Justice.

George Goodman Rainwater was convicted of the murder of his wife, Betty Jean Rainwater, and sentenced to life imprisonment.[1]

The victim's sister and a friend of the victim testified at trial that on April 6, 1985 they drove with the victim to a trailer she shared with her husband. Shortly after their arrival the defendant announced his dissatisfaction with the victim's haircut and began pulling her hair. The defendant then hit the victim several times in the head and about the mouth with his fist. The victim collapsed and the defendant commanded her to get up. When she did not he kicked her in the ribs and head. The victim did not respond except to beg the defendant to stop beating her. Over the victim's objections the victim's sister and friend transported her to the hospital. The victim was bleeding profusely and in a coma on their arrival. Surgery was performed to relieve an acute subdural hematoma. The victim survived the surgery, but remained hospitalized for nearly three months in a semicomatose state. She was subsequently transferred to a nursing home where she died three weeks later. The medical examiner who performed the autopsy stated his opinion that the victim's death was a direct result of the consequences of the head injuries she sustained on April 6, 1985.

The defendant offered in evidence a statement he made to police following his arrest in which he acknowledged being angry at the victim because she had gone shopping with her sister, and hitting her on her return. This statement was admitted without objection. In his statement the defendant spoke at length of his turbulent relationship with the victim during the past thirteen years. The defendant stated that the victim would leave him for two or three weeks at a time, "and then she would come back . . . and I would smack her upside the head and everything was all right."

1. In addition to the defendant's statements that he had hit the victim in the past, two witnesses testified, over the defendant's objec-

---

[1] The crime occurred on April 5, 1985. The defendant was convicted on January 22, 1986, and sentenced January 23, 1986. No motion for new trial was filed. The defendant filed his notice of appeal on February 7, 1986. The trial court extended the time for filing an appeal to this court until May 31, 1986 so that a transcript of the trial proceedings could be prepared. The case was docketed in this court on May 20, 1986, and submitted to us on briefs on July 3, 1986.

tions, to numerous instances in which they had observed the defendant beat the victim, or had taken the victim to the hospital, or otherwise provided her refuge following these beatings. The defendant argues the trial court erred in admitting evidence of his physical abuse of the victim prior to April 6, 1985 because it injected his character. Evidence of his previous difficulties with the victim was admissible to show his intent and bent of mind in striking the victim on the day in question. *Mitchell v. State*, 254 Ga. 353 (5 b) (329 SE2d 481) (1985).

The defendant contends the evidence fails to meet "the third prong" of the test for admission of independent crimes. See *Walraven v. State*, 250 Ga. 401 (4 (b)) (297 SE2d 278) (1982), and *Robinson v. State*, 246 Ga. 469 (2) (271 SE2d 786) (1980).[2] However, as we have pointed out above, this evidence was not admitted under the rule governing proof of independent crimes, but as evidence of the relationship between the defendant and the victim.

2. The defendant argues the trial court erred in not giving the defendant's request to charge on the presumption of innocence.

The record shows that during the charge conference, the trial court agreed to give this request to charge if the defendant would eliminate the first sentence from the charge. The defendant's attorney responded, "I will withdraw the first sentence, Judge, and we submit it without that." The trial court then gave the request to charge, as qualified. Having agreed to this modification, the defendant may not now complain of it.

3. We conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the murder of Betty Jean Rainwater. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 3, 1986.

*Robert B. Silliman*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney, Michael J. Bowers, Attorney General, J.*

---

[2] "[I]n certain circumstances, evidence of independent crimes is admissible. Two conditions must be satisfied. 'First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be *sufficient similarity* or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter.' [Cit.]" *Walraven*, supra at 408. This court has also stated that "[i]t has long been the rule in Georgia that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial." *Robinson v. State*, supra at 470. The defendant contends this latter criteria was not met in his case.

*Michael Davis, Assistant Attorney General,* for appellee.