## 45023. STRATTON v. THE STATE.
(362 SE2d 47)

MARSHALL, Chief Justice.

John E. Stratton appeals from his conviction of the malice murder of Jacqueline Denice Reed, for which he was sentenced to life imprisonment.[1] We affirm.

Evidence was adduced to the following effect. Stratton and the victim, his common-law wife, returned to their trailer from a bar, where he had been drinking whiskey and beer. A blood-alcohol test administered two to three hours after the homicide revealed .16 percent alcohol in Stratton's blood. Stratton testified that when he closed the breach of his shotgun, it discharged accidentally, killing his

---

[1] The crime was committed on July 8, 1986. The verdict was rendered and sentence imposed on October 1, 1986. The transcript of evidence was filed on February 10, 1987, and the notice of appeal was filed on March 10, 1987. The record was docketed in this Court on September 2, 1987, and the case was submitted on October 16, 1987.

wife. Ballistics and medical evidence indicated that the victim died from a shotgun blast to her neck, fired from Stratton's shotgun, the wound being consistent with the weapon's having discharged in contact with or very near to her neck while she was lying on the floor, and inconsistent with suicide. The appellant admitted engaging in "lovers' quarrels" with the victim and striking her, and her neighbors and employer testified that she had evidenced blackened eyes, split lips, missing sections of hair, and bruises on previous occasions. The appellant had a vivid memory of all the events that took place at the time the victim was killed, except the actual killing itself. The appellant never stated that anyone other than he and the victim was inside the trailer.

1. The evidence, when viewed most favorably to the prosecution, would authorize a rational finder of fact to find the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court should have given the jury his requested charge on misdemeanor involuntary manslaughter, because the death occurred as a result of the commission of a lawful act in an unlawful manner, i.e., he was lawfully holding his shotgun when, due to his handling of the firearm, it discharged, killing his wife. He argues that the court gave an instruction on criminal negligence, to which the charge not given could have applied. However, when the court agreed to give the requested charge and also a charge on felony involuntary manslaughter, the appellant withdrew his requested charge to avoid the additional charge. There is no issue for review, because the court did not charge either offense. If the appellant had insisted on his requested charge, he could have enumerated as error the giving of the additional charge, if he deemed it inapplicable. Nor was it error, as contended, to charge on criminal negligence, which is part of the statutory definition of accident (OCGA § 16-2-2), upon which theory the appellant relied, having requested and obtained a charge thereon.

3. The appellant next contends that the trial court erred in admitting evidence of, and charging the law on, previous difficulties between the victim and himself, in that such evidence was not relevant to the cause of death, not timely, and inconsistent with the state's theory of murder in this case. However, he had conceded, prior to trial, that such evidence was admissible. His objection was to hearsay statements made in connection with that evidence. The court sustained those objections, and he did not ask for curative instructions. He did not object to the testimony as to the observations of the victim's physical conditions. Accordingly, the issue is not presented for appeal. Further, "[e]vidence of his previous difficulties with the victim was admissible to show his intent and bent of mind in [shooting]

the victim on the day in question [cit.]" and "this evidence was not admitted under the rule governing proof of independent crimes, but as evidence of the relationship between the defendant and the victim." *Rainwater v. State*, 256 Ga. 271 (1) (347 SE2d 586) (1986). This evidence was admissible to prove that the homicide was murder rather than an accident, as he contended. He admitted having struck the victim. The fact that the prior incidents occurred several months before the homicide is a factor bearing on the weight, not the admissibility, of the evidence. *Dawson v. State*, 166 Ga. App. 515 (3) (304 SE2d 570) (1983) and cits. Accordingly, the evidence was harmless. He did not object to the charge on prior difficulties; hence, this issue is not preserved for appeal.

4. The appellant next contends that the jury instructions on accident were burden-shifting, because the court did not tell the jury that the burden was on the state to negate accident.

However, the appellant did not object on this ground or reserve the right later to object, hence the issue is not preserved for appeal. *Cameron v. State*, 256 Ga. 225 (2) (345 SE2d 575) (1986) and cits. Assuming that this issue is presented for appeal, moreover, the charge as a whole was not burden-shifting.

5. Finally, the appellant contends that his character was impermissibly placed in issue when the state, during cross-examination, asked the investigating officer, who was the appellant's brother-in-law, whether the appellant ever threatened or had altercations or difficulties with other people when he had been drinking.

The appellant did not object to this line of questioning; therefore, there was a waiver of this objection. *Ford v. State*, 256 Ga. 375 (6) (349 SE2d 361) (1986). Assuming that this issue can be considered on appeal, the appellant opened the door for this type of testimony by cross-examining the witness as to the characteristics of the appellant when intoxicated. See *Whitt v. State*, 257 Ga. 8 (2a) (354 SE2d 116) (1987); *Franklin v. State*, 251 Ga. 77 (2) (303 SE2d 22) (1983). Further assuming that he did not "open the door," and that the questions were improper, any error which occurred was harmless, as the witness answered each of the questions in the negative, thereby indicating that the appellant's character was not bad.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 1987.

*Kenneth L. Gordon, Franklin H. Thornton,* for appellant.
*Arthur E. Mallory III, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for

appellee.

