## 46701. ROTINO v. THE STATE.

(380 SE2d 261)

GREGORY, Justice.

Michael L. Rotino was convicted of the murder of his wife, Carlene Faye Rotino, and sentenced to life imprisonment.[1] The evidence at trial authorized the jury to find that on the night of December 5, 1987, the defendant was visiting neighbors. He had been drinking most of the afternoon and night, and according to the neighbors' testimony, was angry when he left their trailer. Within fifteen minutes of his departure the neighbors saw police arrive at the defendant's trailer.

Police found the victim dead from a shot in the head with a Winchester lever action rifle. The rifle had been discharged from a range of no more than 12 inches. The defendant was located some time later hiding in a nearby vacant trailer.

The defendant admitted shooting the victim, but testified the gun discharged accidentally. He stated he had no memory of the events preceding or following the shooting. A state firearms expert testified that in order to fire the rifle in question, one must cock it, disengage all safeties and pull the trigger.

1. Contrary to the defendant's assertion, a rational trier of fact could have found him guilty of the crime of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant argues the trial court erred in allowing two witnesses to testify to prior difficulties between the victim and the defendant. Both witnesses testified they observed the defendant repeatedly beat the victim. These events occurred between six and eighteen months of the shooting.

a) The defendant first argues that this testimony placed his character in evidence in violation of OCGA § 24-9-20. As we pointed out in *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988), there are a number of instances in which the state may properly offer admissible evidence which is incidentally prejudicial to the defendant, but which falls short of placing his character in issue within the meaning of OCGA § 24-9-20. In this case the witnesses' testimony of prior difficulties was admissible as evidence of the relationship between the defendant and the victim. *Rainwater v. State*, 256 Ga. 271 (347 SE2d 586) (1986). While this evidence may have reflected negatively on the defendant, it did not place his character in evidence within the mean-

---

[1] The crime was committed on December 5, 1987. The defendant was convicted on April 20, 1988 and sentenced that same day. His motion for new trial was denied on October 14, 1988. Appellant's appeal was docketed in this court on February 21, 1989. The case was orally argued on June 6, 1989.

ing of OCGA § 24-9-20. See generally *Jones,* supra.

(b) The defendant also argues that the evidence of prior difficulties was too old to be admitted. "The fact that the prior incidents occurred several months before the homicide is a factor bearing on the weight, not the admissibility, of the evidence." *Stratton v. State,* 257 Ga. 593 (362 SE2d 47) (1987).

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED JUNE 22, 1989.

*Gordon Staples,* for appellant.

*William G. Hamrick, Jr.,* District Attorney, *Monique F. Kirby,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *C. A. Benjamin Woolf,* for appellee.

