## S90A0014. HAMILTON v. THE STATE.
(389 SE2d 225)

WELTNER, Justice.

Courtney Hamilton shot and killed Willinda Jean Johnson with a handgun. He was convicted of malice murder and possession of a firearm during the commission of a crime, and was sentenced to life imprisonment and to a term of years.[1]

Hamilton had threatened to kill Johnson on the day before the homicide, as well as on several other occasions within a few weeks of the shooting. Johnson was shot after she and Hamilton had returned from a party that Hamilton did not want Johnson to attend. When the police arrived, they found Hamilton holding Johnson's head, crying, "Oh, I'm sorry, I'm sorry."

1. The evidence is sufficient to permit a rational trier of fact to find Hamilton guilty of malice murder beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Hamilton, by motion in limine, sought to prohibit the state from introducing evidence of prior difficulties with the victim. The motion was denied. Hamilton argues that the evidence placed his character in issue; that it was not probative; and that its prejudicial effect outweighed its probative value. He urges on appeal that the state failed to comply with the notice requirements of Uniform Supe-

---

[1] The homicide occurred on June 18, 1988, and Hamilton was indicted for murder on September 26, 1988. He was found guilty of malice murder and possession of a firearm during the commission of a crime on February 2, 1989, and was sentenced on that date. His motions for a new trial were filed on March 1 and 6, 1989, and denied on March 24, 1989. A notice of appeal was filed on April 3, 1989. The appeal was docketed on October 4, 1989, and submitted without oral argument on November 17, 1989.

rior Court Rule 31.1.

(b) (i) In *Cannon v. State*, 257 Ga. 475, 478 (3) (360 SE2d 592) (1987), we held:

> Although as a general rule the state may not introduce evidence of a criminal defendant's bad character unless the defendant first introduces evidence of his good character, "[w]e have often held that evidence of prior difficulties between an accused and the victim is admissible to illustrate the accused's motive, intent, or bent of mind toward the victim. [Cits.]" *Hales v. State*, 250 Ga. 112, 113 (2) (296 SE2d 577) (1982).

The evidence did not place Hamilton's character in evidence impermissibly, nor was it inadmissible because of its possible adverse effect upon him. Similarly, the evidence was probative as to Hamilton's "motive, intent, or bent of mind toward the victim." There was no error.

(ii) In *Loggins v. State*, 260 Ga. 1 (388 SE2d 675) (1990), we held:

> The purpose of the time requirement of USCR 31.1 is fundamental fairness. The rule recognizes the difficulty of rebutting evidence of specific acts unless timely notice of the state's intention to offer evidence is given. Thus the rule applies to acts which are categorized as similar transactions, as well as to those acts or occurrences which are categorized as prior difficulties. [Id. p. 2.]

Because no objection was made on the Rule 31.3 ground during the motion *in limine* hearing, this ground is without merit.

3. (a) Hamilton contends that his pre-trial custodial statement should have been suppressed because the evidence did not authorize the finding that the waiver of his rights was voluntary.

(b) At the close of the *Jackson v. Denno* hearing, the trial court made an express finding that the statement was voluntary. "Unless clearly erroneous, a trial court's findings of credibility and its findings of fact will be upheld on appeal." *Cooper v. State*, 256 Ga. 234, 236 (347 SE2d 553) (1986). The admission of the statement was not clearly erroneous. There was no error.

4. (a) The trial court rejected Hamilton's requested instruction (commonly called the "two theories" charge), as follows:

> I charge you that where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which

is consistent with innocence.

The trial court gave the following charge:

> To warrant a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the theory of guilt but must exclude every reasonable theory other than the guilt of the accused. The comparative weight of circumstantial evidence and direct evidence on any given issue is a question of fact for the jury to decide.

(b) "The request . . . is appropriate only when *all* of the evidence is circumstantial. [Cit.]" *General v. State*, 256 Ga. 393, 394 (349 SE2d 701) (1986). Because the record contains direct as well as circumstantial evidence, the requested charge was not applicable. There was no error.

5. (a) Hamilton requested the following charge:

> I charge you that a person shall not be found guilty of any crime committed by misfortune or accident *where it satisfactorily appears* there was no criminal scheme or undertaking, intention, or criminal negligence. [Emphasis supplied.][2]

The charge of the court was:

> Our law says that no person shall be found guilty of any crime committed by misfortune or accident where there was no criminal scheme or undertaking or intention.

(b) "The charge . . . contained nearly the precise language of the statute. . . ." *Wiggins v. State*, 252 Ga. 467, 468 (314 SE2d 212) (1984). Because the charge was correct in substance, there was no error.

*Judgment affirmed. All the Justices concur.*

---

[2] OCGA § 16-2-2 provides:
> A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence.

The logic of the Code section is questionable, as in almost every circumstance an event that transpires by reason of "misfortune or accident" lacks the essential element of "any crime," which is the existence of a "criminal scheme or undertaking, intention, or criminal negligence." Thus, it is difficult to comprehend how "any crime" can be "committed by misfortune or accident."

DECIDED MARCH 8, 1990.

*Hollingsworth & Richardson, W. Gene Richardson,* for appellant.
*Stephen F. Lanier, District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.