S90A0682. LEWIS v. THE STATE.
(396 SE2d 212)

HUNT, Justice.

Florine Lewis was convicted by a jury of the felony murder of her boyfriend, Roosevelt Ashley, Jr., and sentenced to life imprisonment.[1] She appeals, raising as her sole enumeration of error the sufficiency of

[1] The crime was committed on July 15, 1988, and Lewis was indicted for felony murder during the August 1988 term of the Long County Grand Jury. She was tried, convicted, and sentenced on May 2, 1989. Her motion for new trial, filed May 17, 1989, was denied on January 4, 1990. The defendant's notice of appeal was filed January 24, 1990, and the trial transcript, certified by the court reporter on June 1, 1989, was filed in this court on February 26, 1990. The case was docketed in this court on February 27, 1990, and submitted for decision on April 17, 1990.

the evidence.

The victim came to the mobile home where he and the defendant lived with her children, told the defendant he had decided to move out, and began to collect his belongings. The defendant threatened "to hurt him" if he attempted to leave, and took a .22 caliber rifle from a closet "to try to keep him from leaving." The gun discharged when the victim grabbed it while the defendant had her hand on the trigger. The defendant's defense at trial was accident.

Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of felony murder, the underlying felony being the aggravated assault of the victim, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980). See generally *Baker v. State*, 236 Ga. 754 (225 SE2d 269) (1976).[2]

*Judgment affirmed. All the Justices concur, except Bell and Benham, JJ., who concur in the judgment only; Weltner, J., not participating.*

DECIDED SEPTEMBER 26, 1990.

*Raymond A. Majors, Jr.,* for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.

---

[2] The "merger doctrine," which prohibits a felony murder instruction where the felony is an integral part of the homicide, would preclude this felony murder conviction based upon an aggravated assault directed against the person who is killed. See *Baker v. State*, 236 Ga. 754, 757 (225 SE2d 269) (1976). In *Baker*, this court rejected the merger doctrine because, given this state's very narrow statutory definitions of voluntary and involuntary manslaughter, to do otherwise would bar convictions for certain killings which warrant punishment. Nevertheless, there are compelling arguments for requiring that the felony supporting a felony murder instruction be committed with a purpose independent of the murder. The purpose of the felony murder rule is to relieve the state of the burden of proving premeditation and malice where the defendant causes the victim's death while the defendant is committing another felony. The rationale is that the defendant's malignant purpose is established by proof of the collateral felony. However, since the vast majority of killings is accomplished by means of a felonious assault, failure to apply the merger doctrine where aggravated assault is used as the underlying felony results in holding *all* such killings murder regardless of the circumstances, and such killings can never be reduced, on the ground of mitigation, to manslaughter. The "bootstrapping" of an assault charge to support a felony murder conviction has been justly criticized as having no support in logic nor in law, *People v. Ireland*, 450 P2d 580, 590 (70 Cal.2d 522) (1969), and rejected by a number of states, either by statute or judicial decision. See Annot., Application Of Felony-Murder Doctrine Where The Felony Relied Upon Is An Includible Offense With The Homicide, 40 ALR3d 1341, 1345-1346. Indeed, the *Baker* court's rationale for rejecting the merger doctrine is hardly grounded in logic. If our criminal homicide statute is drafted so that application of the merger doctrine would preclude certain homicide convictions which warrant punishment, the solution is not to reject the merger doctrine (the merits of which were recognized by the *Baker* court) but to rectify the deficiencies in our statute.