## S90A0835. TOWNS v. THE STATE.
### (396 SE2d 215)

HUNT, Justice.

Howard Towns was convicted of the felony murder of Stinson White and sentenced to life imprisonment.[1] He appeals, enumerating as error the sufficiency of the evidence, the admission into evidence of similar crimes, and the trial court's charge to the jury on transferred intent.

Anthony Crumbley was sitting in his car waiting for a friend to get off work when the defendant walked up and asked Crumbley to take the defendant to get some cocaine. When Crumbley refused, the defendant cursed Crumbley, struck him with a handgun, took his jew-

---

[1] The defendant shot and killed the victim around midnight on Christmas Eve 1987. He was indicted on April 8, 1988, by a Fulton County Grand Jury for the malice murder and felony murder, while in the commission of an aggravated assault of the victim. He was tried before a jury on the felony murder count only October 31 through November 2, 1988, and convicted and sentenced on November 2, 1988. His motion for new trial, filed December 1, 1988, and amended February 15, 1990, was denied on February 16, 1990. The trial transcript was certified on April 24, 1989, and filed in this court on March 28, 1990. The appeal was docketed in this court on March 28, 1990, and submitted for decision, without oral argument, on May 14, 1990.

elry, and fired the gun four times at Crumbley, striking him once in the leg. The defendant continued shooting at Crumbley's car as Crumbley and his friend drove away to get treatment for Crumbley's gunshot wound. Later that day, while walking down the walkway toward his grandmother's apartment, Crumbley saw the defendant walking with the victim and another man. Crumbley ran, but the defendant saw him and began firing his gun at him. Crumbley shot back at the defendant three times with his gun. The victim was struck and killed in the crossfire by a bullet fired from the defendant's gun.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. The defendant contends the trial court erred by admitting evidence of his shooting and robbery of Crumbley earlier on the day of the killing. The defendant argues this evidence is inadmissible as "similar crimes" evidence because the state did not give the required notice under Uniform Superior Court Rules 31.1 and 31.3, and because the evidence was admitted solely to portray him as a violent person. We find no merit to these arguments. The evidence showed the defendant was trying to shoot Crumbley when he unintentionally killed the victim. His previous difficulties with Crumbley on the same day were admissible, not under the rule governing proof of independent crimes, but as evidence of the relationship between the defendant and Crumbley, the *intended* victim. *Rainwater v. State*, 256 Ga. 271 (1) (347 SE2d 586) (1986). This evidence supported the state's contention that Towns was engaged in a felonious assault on Crumbley which resulted in White's death.[2]

3. We agree with the defendant that the trial court's charge on transferred intent in connection with felony murder was erroneous. The trial court charged the jury as follows:

> Our law prevents a person from taking advantage of his own wrong or excuse him [sic] when an unlawful act strikes down an unintended victim. In legal contemplation, the intent follows the act through to its legitimate result, and the original

---

[2] Unlike the assault in *Lewis v. State*, 260 Ga. 404 (396 SE2d 212) (1990) this assault against one other than the murder victim satisfies the purpose of the felony murder doctrine and does not violate the so-called "merger doctrine." White's unintentional death was caused by the commission of a dangerous, collateral felony and should properly be punished as murder. By contrast, the felonious assault by Lewis was directed upon none other than the victim of the killing, her boyfriend. The facts in *Lewis* would clearly support a malice murder conviction, rendering application of the felony murder rule unnecessary.

> intent is transferred from the one against whom it was entertained to the person who actually suffers the consequences of an unlawful act, if any. In other words, one who shoots "B" cannot escape liability merely because the evidence shows that he intended to shoot "A."

This charge, which might be appropriate in some instances involving malice murder,[3] see, e.g., *Cook v. State*, 255 Ga. 565, 566 (1) (340 SE2d 843) (1986), has no applicability to felony murder, which does not require proof of intent, transferred or otherwise, as an element of the homicide. OCGA § 16-5-1 (c). However, we find no harmful error. If anything, the charge places a higher burden on the state relative to proof of intent.

Moreover, we note that when asked if there were any objections to the charge given, counsel for the defendant replied, "Nothing for the defense at this time, your Honor." Although we have not previously addressed whether such a response is adequate to reserve objections to a later time, we agree with the Court of Appeals that "the mere insertion of the caveat 'at this time' is a far cry from a reservation of objections to a later time, a standard set forth in *Gaither v. State*, 234 Ga. 465, 466 (216 SE2d 324) [1975]." *Butler v. State*, 173 Ga. App. 168, 169 (325 SE2d 835) (1984). See also *Kelly v. State*, 174 Ga. App. 424, 425 (4) (330 SE2d 165) (1985).

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs in the judgment only; Weltner, J., not participating.*

DECIDED SEPTEMBER 27, 1990.

*Steven W. Reighard*, for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General*, for appellee.

---

[3] Towns was charged with malice murder as well as felony murder but the issue of malice murder did not go to the jury. The jury was charged only on felony murder.