## A90A1653. SLEETH v. THE STATE.
(398 SE2d 298)

BANKE, Presiding Judge.

The appellant was found guilty of two counts of burglary, two counts of arson in the first degree, and one count of possession of marijuana. The two burglary counts and the two arson counts were, however, merged with each other for sentencing. The appellant brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial judge erroneously placed a burden on him to come forward with evidence of his innocence by giving the following instruction to the jury at the outset of the trial: "And I want to ask you to in a sense of fairness to all concerned, both the state and the defendant, that you do keep an open mind until all the evidence is in. That means let the state produce its case then let the defendant produce whatever the testimony will be on behalf of the defendant or whatever the defendant's case may be."

Although the appellant did not take the stand himself, he did call two witnesses in an effort to establish an alibi defense. Therefore, to the extent that the above language could have been misinterpreted as placing a burden on him to produce testimony on his own behalf, it must be considered harmless. To the extent the appellant is complaining that the instruction might have been interpreted by the jury as permitting a negative inference to be drawn from his failure to testify, we conclude that, in the context in which it was given, there is no reasonable possibility that it could have been so construed, particularly since the court gave a clarifying instruction almost immediately afterwards, at the suggestion of the state's attorney, to the effect that the appellant was presumed innocent and that no inference whatsoever was to be drawn from any failure on his part to testify. Consequently, we find this enumeration of error to be without merit.

2. The appellant contends that the state was improperly permitted to elicit certain testimony which had the effect of placing his character in issue. The appellant was accused of breaking into and setting fire to the residence of a former co-worker, who had at one time been his girl friend but who had attempted to break off the relationship several weeks earlier. The victim testified that the appellant had continued to call her and to come by her home against her wishes after she told him she did not wish to continue seeing him, and the appellant contends that during the course of this testimony regarding her difficulties in attempting to end their relationship she made the following disclosures which placed his character in issue: (1) That she had caused him to be arrested for attempting to break into her home; (2) that he had become upset with her at work and had started cursing and throwing pallets after she said something to him about some scratch marks she had found on the side of her car; (3) that he had

been fired following that incident, and (4) that her children were afraid of him.

We are at a loss to understand how any but the first of these disclosures could be viewed as having placed the appellant's character in issue. However, whether they did or not, the testimony was clearly relevant and admissible for the purpose of establishing the nature of the victim's relationship with the appellant during the period immediately preceding the fire. "[T]here are a number of instances in which the state may properly offer admissible evidence which is incidentally prejudicial to the defendant, but which falls short of placing his character in issue within the meaning of OCGA § 24-9-20. In this case the . . . testimony of prior difficulties was admissible as evidence of the relationship between the defendant and the victim. [Cit.] While this evidence may have reflected negatively on the defendant, it did not place his character in evidence within the meaning of OCGA § 24-9-20." *Rotino v. State*, 259 Ga. 295 (2), 295-6 (380 SE2d 261) (1989).

The appellant similarly complains that certain statements made by another witness placed his character in issue. However, the testimony or questioning at issue similarly concerned matters which were directly relevant to the charges for which he was on trial. See *Rainwater v. State*, 256 Ga. 271 (1) (347 SE2d 586) (1986); *Cooper v. State*, 256 Ga. 234 (1) (347 SE2d 553) (1986); *Causey v. State*, 154 Ga. App. 76 (3) (267 SE2d 475) (1980). Consequently, this enumeration of error is without merit.

3. The appellant contends that the trial court erred in excluding evidence that a prior residence occupied by the victim had burned down some six years earlier. However, the appellant's counsel conceded that he could not present any evidence that the victim (or anyone else) had intentionally started that fire, and we must agree with the trial court that the mere fact of its occurrence had no bearing under the circumstances on the issue of the appellant's guilt or innocence of the charges for which he was on trial. "Questions of relevancy are generally matters within the court's discretion, [cit.] and there was no error in the exclusion of this evidence not relevant to any issue at trial." *Harwood v. State*, 195 Ga. App. 465, 467 (2) (394 SE2d 109) (1990). See also *Burton v. State*, 191 Ga. App. 822 (2) (383 SE2d 187) (1989); *Masters v. State*, 186 Ga. App. 795 (4) (368 SE2d 557) (1988).

4. The appellant contends that the trial court erroneously "left the jury with the impression that it must find him guilty on all counts or not guilty on all counts." However, an examination of the court's charge belies this contention. After pointing out to the jury that each count of the indictment was on a separate sheet of paper, the judge directed that the verdict be returned in the following manner: "Who-

ever the foreperson of the jury is the court would instruct you that when you make your verdict as to each count in the indictment I want you to write on the face of the paper, on the indictment itself, we, the jury, find the defendant . . . either guilty or not guilty on the five counts. . . . *That way the court will know what your decision is on each individual separate count* and there cannot be any confusion about it in that fashion." (Emphasis supplied.) Accordingly, this enumeration of error is also without merit.

5. Subsequent to the filing of the notice of appeal in this case and transmittal of the record to this court, the appointed counsel who had represented the appellant during the previous post-trial proceedings was allowed to withdraw from the case, and another counsel was appointed to file a brief and enumeration of errors on the appellant's behalf. The latter counsel has asserted, for the first time, that the appellant did not receive effective assistance of counsel in the trial court. "Since the claim was only raised on appeal, there was no opportunity for a hearing before the trial court; it is not unreasonable that the case be remanded for a hearing at this point." *Johnson v. State*, 259 Ga. 428, 430 (3) (383 SE2d 115) (1989). See also *Weems v. State*, 196 Ga. App. 429 (395 SE2d 863) (1990). The case is accordingly remanded to the trial court for an evidentiary hearing on the ineffectiveness of counsel claim, following which, in the event the trial court rejects that claim, the appellant shall be entitled to file a new appeal directed to that ruling only.

*Judgment affirmed and case remanded with direction. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 22, 1990.

*Barksdale, Barksdale & Irwin, David B. Irwin, Ronald C. Conner*, for appellant.

*Robert F. Mumford, District Attorney, Alan S. Clarke, Assistant District Attorney*, for appellee.