## S91A0573. LEE v. THE STATE.

(405 SE2d 33)

CLARKE, Chief Justice.

Clifford Cecil Lee was convicted of murder, two counts of aggravated assault and possession of a firearm during the commission of a crime.[1] He was sentenced to life imprisonment and a term of years. In

---

[1] The crime occurred on March 19, 1990. Appellant was indicted on May 11, 1990. He was convicted of murder, aggravated assault and possession of a firearm during the commission of a crime on July 18, 1990 and sentenced to life imprisonment and a term of years. Appellant filed a motion for new trial on August 13, 1990; the motion was denied on Decem-

this appeal, he alleges that the evidence was insufficient to support the verdict and that the trial court erred in admitting evidence of a prior bad act. We find no error and affirm.

On March 19, 1990, appellant Clifford Lee ended an argument with his wife by shooting her with a shotgun. He then shot at his son, but missed. Next, he shot his wife again. Finally, he shot his son in the back, told his son "I love you," and left. His wife died of shotgun wounds to the chest and abdomen. His son survived after surgery to repair his stomach, spleen and lungs. The jury heard evidence that on the day of the murder Lee had been drinking and arguing with his wife and son, that Lee had physically abused his wife for years and that he had previously threatened her with weapons.

1. Contrary to Lee's assertion, a rational trier of fact could have found the defendant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the course of the trial the jury heard evidence of numerous incidents when Lee beat his wife, tried to shoot her, or argued fiercely with her. Appellant contends that testimony about one such incident was admitted in error. Officer Frederick Woods testified that in May of 1984, he saw Lee beating his wife in a parking lot. As Woods approached, Lee pointed a pistol at the officer and threatened to kill him. Lee fired a shot in the air and dragged his wife back into his apartment. He returned with a shotgun, but ultimately surrendered himself into police custody when more police units arrived.

Appellant contends that the testimony about this incident does not fit the criteria for admission of evidence of similar crimes. We have held, however, that evidence of prior difficulties between the defendant and the victim is not subject to the rules governing proof of independent crimes. *Rainwater v. State*, 256 Ga. 271 (347 SE2d 586) (1986). The evidence complained of here was admissible to show Lee's prior difficulties with his wife, and to show that the homicide was murder rather than self defense or voluntary manslaughter as Lee contended. Id. at 595; *Stratton v. State*, 257 Ga. 593 (362 SE2d 47) (1987). In conclusion, we find no error and affirm the conviction.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 20, 1991.

*John H. Tarpley, John O. Ellis, Jr., Antje Rath Kingma,* for ap-

pellant.

Robert E. Wilson, District Attorney, Michael D. Thorpe, Nelly F. Withers, Assistant District Attorneys, Michael J. Bowers, Attorney General, Thomas A. Cox, Jr., for appellee.

