S92A0952. KERLIN v. THE STATE.
(422 SE2d 183)

SEARS-COLLINS, Justice.

The appellant, Mark Kerlin, appeals from his convictions of the murder of Carol Scott, of the aggravated assault of Carol Scott's husband, Gerald Lee Scott, of criminal attempt to commit armed robbery, and of the possession of a firearm by a convicted felon.[1] On ap-

---

[1] The crimes occurred on December 6, 1989, and Kerlin was indicted on November 7, 1990. After a jury trial that was bifurcated with respect to the count of possession of a firearm by a convicted felon, the jury found Kerlin guilty of all crimes on April 26, 1991. On May 1, 1991, Kerlin filed a motion for new trial. On September 30, 1991, the court reporter certified the transcript, and on March 27, 1992, the trial court denied Kerlin's motion for new

peal Kerlin's sole enumeration of error is that the trial court erred by admitting evidence of two other crimes that Kerlin had committed. We disagree and affirm.

1. According to Mr. Scott, on December 6, 1989, at approximately 7:30 p.m., the Scotts were preparing to leave their house when they saw Kerlin enter their driveway. The Scotts knew Kerlin because he had recently done some tile work at their home. Kerlin got out of his truck, approached the Scotts, and told them that he needed to talk to them about something very important.

After the Scotts and Kerlin went inside the Scotts' house to talk, Kerlin pulled out a gun and demanded $7,000 for some surgery he said his seven-year-old daughter needed. Mrs. Scott told Kerlin that she had money and jewelry in the car. Kerlin then ordered Mrs. Scott to tie her husband's hands and feet with some rope Kerlin had in his pocket and to get her car keys.

Mrs. Scott tied her husband's hands and feet, and Kerlin and Mrs. Scott left the house. As they reentered the house, Kerlin and Mr. Scott, who had untied himself and retrieved a .38 caliber pistol, exchanged gunfire. Kerlin shot Mr. Scott in the leg before Mr. Scott could escape through a "swampy" area behind the house to get to the nearest neighbor's house to call for help.

When the police arrived at the Scotts' house, they found Mrs. Scott fatally wounded with a shot in the back of the head.

After the shooting, Kerlin fled with his girl friend to West Virginia, where they were arrested three days later. In a statement Kerlin made to police and in his testimony at trial, Kerlin maintained that he went to the Scotts' house with a friend named David Hayes or Hanes to get a loan. According to Kerlin, while Kerlin remained outside the Scotts' house in his truck, David went into the house, became involved with an altercation with the Scotts, and shot and killed Mrs. Scott.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Kerlin guilty of the crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, Kerlin argues that the trial court erred in permitting the state to introduce evidence of two prior offenses that he had committed. We disagree.

At the outset, we note that the state presented sufficient evidence to show that Kerlin committed both of the other crimes in question. These other crimes were burglaries of residences of people for whom

trial. Kerlin filed his notice of appeal on April 2, 1992. The appeal was docketed in this Court on April 30, and was submitted for decision without oral arguments on June 12, 1992.

Kerlin had done tile work, and both were committed by Kerlin within two months of the crimes committed against the Scotts. Moreover, concerning one of the other crimes, although Kerlin negotiated a plea of guilty, he had at one time blamed the crime on a man named David.

We conclude that the trial court properly admitted this evidence because it helped identify Kerlin as the perpetrator of the crimes committed at the Scotts' residence. Identity was at issue because Kerlin denied entering the Scotts' residence, instead claiming that a man named David had done so. Because the other crimes evidence showed Kerlin's pattern of burglarizing residences of people for whom he had worked and of blaming a man named David for the crimes, it tended to prove that Kerlin, and not a man named David, had in fact entered the Scotts' house. "Accordingly, there was a sufficient connection between the independent offenses and the crime charged that proof of the former tended to prove the latter. Accord *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991)." *Kemp v. State*, 261 Ga. 804 (411 SE2d 711) (1992).

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Benham and Fletcher, JJ., concur.*

DECIDED OCTOBER 30, 1992.

*Baldwin & Mallory, Ricardo G. Samper, Alfred F. Zachry*, for appellant.

*Peter J. Skandalakis, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney*, for appellee.