### S93A0719. BARRETT v. THE STATE.
(436 SE2d 480)

FLETCHER, Justice.

Louis Barrett, Jr. appeals from his convictions for the felony and the malice murder of his common-law wife, Janice Gibbons.[1] We affirm the malice murder conviction.

1. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Barrett contends that the trial court erred in admitting evidence concerning purported prior difficulties between himself and the deceased when the state had not first complied with Uniform Superior Court Rules 31.1 and 31.3. We agree.

In recent years, we have focused considerable attention on the use of prior act evidence, whether that evidence has taken the form of prior acts involving the accused and the victim (prior difficulties) or prior acts involving the accused but not involving the victim (independent/extrinsic/other/similar acts/transactions/occurrences).[2] The renewed attention which we have addressed to this type of evidence has been in response to an increased use of such evidence in criminal prosecutions and to the fact that, while we were observing such evi-

---

[1] The incident giving rise to this case occurred on July 7, 1990. Appellant was indicted on November 30, 1990 and was tried beginning on February 11, 1991. Appellant was convicted and sentenced on February 14, 1991. A motion for new trial was filed on March 7, 1991 and was denied on August 8, 1991. On August 13, 1992, an out of time appeal was granted in response to a habeas petition filed by appellant. On February 11, 1993, the case was docketed in this court and, on March 26, 1993, was submitted for decision without oral argument.

[2] Although the Uniform Superior Court Rules use the term "similar transactions or occurrences" that label is really too narrow for the type of evidence that may be admissible under this particular exception to the rule that character evidence is not admissible against the accused until the accused first puts his character in evidence. In fact, prior acts of the accused that are not similar to the charge for which the accused is being tried may be admissible under this exception where there is a sufficient connection between the prior act and the present charge. For example, if the accused had been identified as the individual seen breaking into and driving off in a very distinct antique automobile, although the theft of that automobile is in no way similar to a bank robbery, the theft of the antique automobile might be relevant to the bank robbery if the same antique automobile was used as the getaway car in the bank robbery. In those circumstances, there would be a probative connection between the two incidents whereby proof that the accused was seen breaking into and driving away in the antique automobile tends to establish that the accused is the individual who robbed the bank. From the above, it can be seen that the language of Uniform Superior Court Rule 31 should be clarified in order to more accurately reflect the character evidence exception that such rule embodies.

dence being offered and introduced with greater frequency, all too often there was very little prior analysis as to its admissibility.

We have also tried to more carefully and more thoroughly enunciate the law with respect to this type of evidence in order to assist both the bench and the bar in how to approach this type of evidence. Accord *Loggins v. State*, 260 Ga. 1 (2) (388 SE2d 675) (1990); *Hamilton v. State*, 260 Ga. 3 (2) (b) (ii) (389 SE2d 225) (1990); *Chastain v. State*, 260 Ga. 789 (3) (400 SE2d 329) (1991); *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991); *Edwards v. State*, 261 Ga. 509, 510-511 (406 SE2d 79) (1991) (Benham and Smith, JJ., dissenting); *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991); *Gilstrap v. State*, 261 Ga. 798 (1) (410 SE2d 423) (1991); *Kemp v. State*, 261 Ga. 804 (2) (411 SE2d 711) (1992); *Maxwell v. State*, 262 Ga. 73 (2) (414 SE2d 470) (1992); *Ward v. State*, 262 Ga. 293 (2) (417 SE2d 130) (1992); *Edwards v. State*, 262 Ga. 470 (2) (422 SE2d 424) (1992) (see also this author's special concurrence to Div. 2 of *Edwards*, 262 Ga. at 472-473); *Kerlin v. State*, 262 Ga. 497 (2) (422 SE2d 183) (1992).

All prior act evidence, whether the prior act involves the accused and the victim or the accused but not the victim, is inherently prejudicial because it raises an inference that an accused who acted in a certain manner on one occasion is more likely to have committed the crime for which he is on trial. As a result, unless there is a reason for the introduction of such evidence, apart from the raising of that inference, prior act evidence will be inadmissible because evidence of the accused's character is not admissible unless and until the accused puts his character in evidence. McCormick on Evidence, 4th Edition, § 190.

There are a number of legitimate reasons for the introduction of prior act evidence, all of which involve some sort of probative connection between the crime charged and the prior act. A non-exhaustive list of what prior act evidence might demonstrate includes: that the crime charged is one in a series of mutually dependent crimes (the antique automobile-bank robbery example contained in footnote 2); guilty knowledge on the part of the accused; the identity of the person who has committed the crime charged; prior attempts by the accused to commit the same crime against the victim of the crime charged; that the crime charged was not committed accidentally as is contended by the accused; the motive for the crime charged; and the requisite specific intent for the crime charged. *Cawthon v. State*, 119 Ga. 395, 409 (46 SE 897) (1904); McCormick, supra.

However, without some sort of probative connection between the prior act and the crime charged, the prejudicial nature of the prior act evidence will outweigh its probative value. As a result, the party seeking to introduce such evidence is required to demonstrate, among other things, the probative connection before he is allowed to mention

the prior act in the presence of a jury.

As we have held in *Loggins*, 260 Ga. 1 (2); *Hamilton*, 260 Ga. 3 (2) (b) (ii); and *Maxwell*, 262 Ga. 73 (2); compliance with Uniform Superior Court Rules 31.1 and 31.3 for all prior acts, those involving the accused and the victim as well as those involving the accused but not the victim, is mandatory.[3] That compliance ensures that, at a hearing outside of the presence of the jury, either prior to trial or prior to any mention of such evidence before the jury, the party offering the prior act evidence must show and the court must affirmatively find: (a) that there is sufficient evidence that such an act occurred; (b) that the party offering the evidence has an appropriate purpose for seeking its introduction into evidence and is not seeking to try and show that, because of an unconnected act in the accused's past, the accused should be convicted of the present charge; and (c) that there is a sufficient probative connection between the crime charged and the prior act to justify admission of the prior act into evidence. *Williams*, 261 Ga. at 642.

As a result of the compliance with Rules 31.1 and 31.3, all of these questions are resolved prior to any mention of prior act evidence before the jury. In this fashion, the trial court ensures that those prior acts of which there is not sufficient evidence, which are being offered for an inappropriate purpose, or which do not have a sufficient probative connection to the crimes charged, will not be mentioned in the presence of the jury, thereby preventing any unnecessary prejudice to the accused from such inadmissible evidence. In addition, the trial court ensures that the accused is put on notice of those instances of prior acts which are deemed to be relevant to the crime charged and of why a prior act is deemed to be relevant.

Because of the state's failure to comply with Rules 31.1 and 31.3 of the Uniform Superior Court Rules, the trial court erred when it allowed the state to introduce evidence concerning prior acts involving Barrett and the deceased. However, we hold that in light of the overwhelming evidence against Barrett, it is highly probable that the admission of the evidence in question did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

3. Barrett argues that the trial court erred in permitting the state to introduce a videotape of the crime scene. He maintains that the audio portion of the videotape, which was narrated by the police officer who made the videotape, was prejudicial and misleading. However, we have not been provided with a transcript of the audio portion, with the videotape itself, or with any explanation of why the

---

[3] Anything to the contrary in Div. 1 of *Rainwater v. State*, 256 Ga. 271 (347 SE2d 586) (1986) or in Div. 2 of *Towns v. State*, 260 Ga. 423 (396 SE2d 215) (1990) is overruled.

audio portion was prejudicial and misleading. As a result, we have nothing to review.

4. We have reviewed the remaining enumerations of error and hold that Barrett has presented no grounds entitling him to a new trial.

5. Because the felony murder charge stands vacated by operation of OCGA § 16-1-7, Barrett's conviction and sentence for felony murder must be vacated.

*Judgment affirmed with direction. All the Justices concur, except Hunt, P. J., Hunstein and Carley, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

I concur in Divs. 1, 3, 4 and 5 of the majority opinion and in the affirmance of appellant's conviction for the malice murder of his wife. I cannot, however, concur in Div. 2 of the majority opinion which addresses the admission of evidence of appellant's "prior difficulties" with the victim. At trial, appellant objected to the admission of this evidence on the procedural ground that the State had not complied with Uniform Superior Court Rules 31.1 and 31.3. The trial court, relying on *Rainwater v. State*, 256 Ga. 271, 272 (1) (347 SE2d 586) (1986) and *Towns v. State*, 260 Ga. 423, 424 (2) (396 SE2d 215) (1990), overruled appellant's objection. Appellant enumerates this evidentiary ruling as error. The majority finds this enumeration to be meritorious, but affirms appellant's conviction by applying the principle of harmless error. I can agree that, if there were any error, it would be harmless beyond a reasonable doubt. In my opinion, however, there was no error at all in the admission of the evidence. Accordingly, I must concur specially.

In *Rainwater*, supra at 272 (1), the defendant was charged with murder of his wife and we held that evidence of his previous acts of abuse committed against his wife was *admissible*, not "under the rule governing proof of independent crimes, but as evidence of the relationship between the defendant and the victim."

Subsequent to *Rainwater*, we held that Uniform Superior Court Rules 31.1 and 31.3 do apply "to acts which are categorized as similar transactions, as well as to those acts or occurrences which are categorized as prior difficulties." *Loggins v. State*, 260 Ga. 1, 2 (2) (388 SE2d 675) (1990). However, *Loggins* was *not* a case wherein the "prior difficulties" were between the defendant and the victim and *Rainwater*, which had held that prior difficulties between the defendant and the victim were not subject to the rules governing admissibility of independent crimes, was *not* overruled.

Subsequent to *Loggins*, we followed *Rainwater* and held that, notwithstanding the State's non-compliance with Uniform Superior Court Rules 31.1 and 31.3, evidence of the defendant's "previous diffi-

culties" with the intended victim was "admissible, not under the rule governing proof of independent crimes, but as evidence of the relationship between the defendant and . . . the intended victim." (Emphasis omitted.) *Towns v. State*, supra at 424 (2). See also *Lee v. State*, 261 Ga. 341, 342 (2) (405 SE2d 33) (1991).

In the instant case, appellant's wife was the victim and the State sought to introduce evidence of appellant's "prior difficulties" with her. *Loggins* would thus appear to be distinguishable and, under *Rainwater* and *Towns* the evidence would appear to be admissible notwithstanding the State's non-compliance with Uniform Superior Court Rules 31.1 and 31.3.

However, in *Maxwell v. State*, 262 Ga. 73, 74 (2) (a) (414 SE2d 470) (1992), we held that

> Uniform Superior Court Rule 31.1 requires the [S]tate to provide defendant with notice of its intent to present evidence of similar transactions or occurrences, *including evidence of prior difficulties between defendant and the victim*, at least ten days before trial, unless the trial court lengthens or shortens the notice time. [Cit.]

(Emphasis supplied.) Only *Loggins* was cited as authority for this proposition and neither *Rainwater* nor *Towns* was overruled.

Thus, there is a conflict of authority as to whether the State must comply with Uniform Superior Court Rules 31.1 and 31.3 when it seeks to introduce evidence of the defendant's prior difficulties with the victim. *Rainwater* and *Towns* hold that such compliance is not necessary. *Maxwell* holds that it is. We are, therefore, called upon to resolve this conflict. The majority resolves that conflict by overruling *Rainwater* and *Towns*. I would resolve that conflict by overruling *Maxwell*.

As noted, *Maxwell* relies *solely* upon *Loggins* for its holding that the State must comply with the Uniform Superior Court Rules when it seeks to introduce evidence of the defendant's prior difficulties with the victim. In my opinion, this is an erroneous interpretation of *Loggins*. As I earlier pointed out, *Loggins* was not a case dealing with prior difficulties between the defendant and the victim, and *Loggins* did not purport to overrule *Rainwater*. That *Maxwell* misconstrued *Loggins* is demonstrated by the decision in *Towns*. There, this court *reaffirmed* the holding in *Rainwater* and did so *subsequent* to the holding in *Loggins*. If the holding in *Loggins* is as broad as *Maxwell* suggests, this court would have followed *Loggins* in *Towns* rather than reaffirm *Rainwater*.

When the State proffers evidence of the defendant's prior difficulties with the victim of the crime on trial, the admission of such

evidence is not being sought as proof of a similar separate transaction or occurrence to which the Uniform Superior Court Rules would otherwise apply. Compare *Loggins v. State*, supra. The admission of such evidence is being sought as proof of the defendant's relationship with the victim in the very case under consideration. *Rainwater v. State*, supra; *Towns v. State*, supra; *Lee v. State*, supra. Evidence of prior difficulties between the defendant and the victim "should be received with care and should not be admitted at all if there is no probative connection with the present case. . . ." *Cooper v. State*, 256 Ga. 234, 235 (347 SE2d 553) (1986). In my opinion, however, the admissibility or inadmissibility of such evidence can and should be determined *at trial* when and if an objection is raised. There should be no *procedural* requirement that the admissibility or inadmissibility of such evidence be determined in accordance with the Uniform Superior Court Rules.

> The purpose of the time requirement of [Uniform Superior Court Rule] 31.1 is fundamental fairness. The rule recognizes the difficulty of rebutting evidence of specific acts unless timely notice of the [S]tate's intention to offer evidence is given.

*Loggins v. State*, supra at 2 (2). This purpose is certainly not advanced when the evidence concerns prior difficulties between the defendant and the victim. A defendant who is accused of victimizing another can and should anticipate that his prior difficulties with that same victim will certainly be a potential source of inquiry at trial. Accordingly, I would overrule *Maxwell* insofar as it holds that the State must comply with the procedural mandate of Uniform Superior Court Rules 31.1 and 31.3 when it seeks to introduce evidence of the defendant's prior difficulties with the victim.

Appellant's sole contention is that the evidence of his "prior difficulties" with the victim was not admissible because the State had not complied with the *procedural* aspects of the Uniform Superior Court Rules. He makes no further contention that the evidence was subject to a *substantive* objection to its admission.

> Evidence of previous difficulties between a defendant and victim is relevant to show defendant's motive and bent of mind. [Cits.] The evidence of the prior incident[s] was relevant here, particularly in light of the appellant's contention at trial that the [death] was an accident. . . . [W]here the evidence sheds light on the defendant's conduct toward the victim, its relevance outweighs its prejudicial effect.

*Cooper v. State*, supra at 234-235 (1).

In my opinion, the majority is correct in stating that the legal necessity for granting a new trial in this case is totally nonexistent since, based on the clearly compelling evidence of appellant's guilt which has already been adduced, the instant conviction should be affirmed. *Loggins v. State*, supra at 2 (2). However, I believe that the evidence of appellant's "prior difficulties" with the victim was properly admitted and I would base an affirmance of appellant's conviction on that properly admitted evidence as well as the other relevant and probative evidence that appellant murdered the victim.

I am authorized to state that Presiding Justice Hunt and Justice Hunstein join in this special concurrence.

DECIDED NOVEMBER 22, 1993.

*Danny W. Crabbe*, for appellant.
*Stephen F. Lanier, District Attorney, Fred R. Simpson, Stephen J. Cox, Assistant District Attorneys*, for appellee.